148 So.2d 735 (1963)
Manuel Antonio de MOYA, Appellant,
v.
Athenia Leonard de PENA, Appellee.
No. 62-616.
District Court of Appeal of Florida. Third District.
January 22, 1963.
Rehearing Denied February 8, 1963.
Nestor Morales, Miami, for appellant.
Ammerman & Landy, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
HENDRY, Judge.
This is an interlocutory appeal in a paternity suit from an order denying defendant's motion to dismiss plaintiff's complaint, as amended, and denying defendant's motion to dissolve a restraining order issued against him.
In her complaint appellee alleged that she is a single woman and a resident of the State of Florida; that the appellant is the admitted father of her child who was born in Dade County, Florida, on October 29, 1960; that she is without funds to support or maintain her child; that the appellant is a resident of the Dominican Republic who is temporarily in the United States but has declared his intention to depart therefrom.
Wherefore, she prayed that the appellant be restrained from leaving the jurisdiction of the court conditioned upon his posting a bond; that appellant be declared the father of her child and that appellant be required to pay certain expenses and *736 contribute to the support and maintenance of her child.
A restraining order was issued against appellant and he moved to dismiss the plaintiff's complaint, as amended, and to dissolve the restraining order. At the hearing on the motions, the appellant stated that the child resided in the Dominican Republic and therefore the trial court was without jurisdiction of the cause. The appellee's attorney stated that the child was only temporarily in the Dominican Republic and would be returned to the state of Florida.
The chancellor denied both motions and appellant appeals from that order.
The basic question before us is whether the trial court had jurisdiction and thus correctly refused to dismiss the complaint.
Section 742.011, Fla. Stat., F.S.A., reads as follows:
"Any unmarried woman who shall be pregnant or delivered of a bastard child, may bring proceedings in the circuit court, in chancery, to determine the paternity of such child."
Section 742.021, Fla. Stat., F.S.A., states:
"The proceedings shall be by verified complaint filed in the circuit court of the county in which the woman resides or of the county in which the alleged father resides. The complaint shall aver sufficient facts charging the paternity of the child. Process directed to the defendant shall issue forthwith requiring the defendant to file his written defenses to the complaint in the same manner as suits in chancery. Upon application and proof under oath, the court may issue a writ of ne exeat against the defendant on such terms and conditions and conditioned upon bond in such amount as the court may determine."
Appellee's complaint conforms to the venue requirements in that she alleges that she is a resident of Dade County, Florida. Her complaint states that appellant is the father of her child and attached thereto are various documents, including a letter and telegram sent by the appellant to the appellee, going toward the proof of the paternity of the child.
Appellant argues that since the child is not a resident of this state, there can be no jurisdiction over this cause. Appellant further argues that the purpose of this type of proceeding is to provide support for such children so that they do not become public charges of the state and since the child is not a resident of Florida, this statute is inapplicable.
It should be noted from the start that if the chancellor, or a jury, should determine that the appellant is the father of the child, the court may direct, in accordance with § 742.031, Fla. Stat., F.S.A., the appellant to pay a reasonable attorney's fee, hospital or medical expenses, cost of confinement and any other expenses incident to the birth of the child. Thus, this type of proceeding is not limited to support payments.
Further, the majority, or modern, view of the purpose of this type of statute is to convert a natural and moral obligation of a father to support his illegitimate offspring into a legal obligation, which attaches to him like any other transitory obligation and is enforceable against him if he may be found within the jurisdiction of the court.[1] There is abundant authority that such proceeding may be prosecuted by the mother even as a non-resident complainant. Thus, the major objective of this type of proceeding is the fulfillment of the father's natural obligation to support his child and not to prevent the child from becoming a public charge of a certain state.
If the chancellor shall subsequently determine that the appellant is the father of this child and that this child is residing *737 in the Dominican Republic and is being supported there by his father, then his decree may be directed solely to the payment of the expenses authorized by § 742.031, Fla. Stat., F.S.A.
For the purpose of this appeal, however, we need only to decide that the chancellor correctly determined that he had jurisdiction, and we so hold.
We further hold that there was no abuse of discretion committed with respect to the issuance of the restraining order.
Affirmed.
NOTES
[1] See 57 A.L.R.2d 689.