151 So.2d 325 (1963)
George F. CLARKE, Appellant,
v.
Ed BLACKBURN, Jr., Sheriff of Hillsborough County, Florida, Appellee.
No. 3202.
District Court of Appeal of Florida. Second District.
March 20, 1963.
*327 G. Richard Christ, Tampa, for appellant.
Richard W. Ervin, Atty. Gen., Tallahassee, Robert R. Crittenden, Asst. Atty. Gen., Lakeland, for appellee.
SMITH, Judge.
George F. Clarke appeals from an order quashing a writ of habeas corpus and remanding him to the custody of the Sheriff of Hillsborough County, who held Clarke by virtue of a rendition warrant issued by the Governor of Florida, pursuant to the demand of the Governor of North Carolina. The demand of the Governor of North Carolina incorporated certain documents certified to be authentic, and we shall refer to all of them as the demand.
It is recited in the demand that Clarke is a fugitive from justice of the State of North Carolina; that he is now in the State of Florida; that his extradition was requested for trial on the charge of committing the crime of non-support of an illegitimate child; that Clarke was present in North Carolina at the time of fathering said child; and that he fled from the State of North Carolina and was present in the State of Florida on the date of withholding support, which act resulted in the commission of a crime in North Carolina.
The appellant contends that the demand for his extradition does not comply with the requirements of the Uniform Criminal Extradition Law, Chapter 941, Florida Statutes 1961, F.S.A., pointing out that the demand fails to allege that the accused was present in the State of North Carolina at the time of the commission of the alleged crime (as is required by § 941.03, Florida Statutes 1961, F.S.A.[1]); and that the demand does not contain an allegation that he committed an act in the State of Florida or in a third state intentionally resulting in a crime in the State of North Carolina (as is required by § 941.06, Florida *328 Statutes 1961, F.S.A.[2]). The appellant urges that for the above reasons the Governor of Florida was without authority in law to issue the rendition warrant.
Since Clarke is not charged with fathering the said child, the statement that he was present in North Carolina at that time does not meet the requirement of alleging that he was present in North Carolina at the time of the charged crime of non-support of an illegitimate child. Furthermore, the statement that Clarke was present in the State of Florida on the date of withholding support, which act resulted in the commission of a crime in North Carolina, does not contain the essential allegation that he committed an act in Florida intentionally resulting in a crime in North Carolina. The demand did not meet the requirements of either § 941.03 or § 941.06, supra, and it was, therefore, insufficient to authorize the issuance of the rendition warrant by the Governor of Florida under the authority of Chapter 941, Florida Statutes 1961, F.S.A. See Ennist v. Baden, 1946, 158 Fla. 141, 28 So.2d 160; Hattaway v. Culbreath, Fla. 1952, 57 So.2d 661.
The State contends that, even if Clarke's extradition was not authorized by the Uniform Criminal Extradition Law, supra, it was authorized by the interstate rendition provision of Chapter 88, Florida Statutes 1961, F.S.A. Chapter 88 is Florida's Uniform Reciprocal Enforcement of Support Law, and § 88.061 thereof provides as follows:
"The governor of this state * * * may surrender on demand by the governor of any other state any person found in this state who is charged in such other state with the crime of failing to provide for the support of a person in such other state. The provisions for extradition of criminals not inconsistent herewith shall apply to any such demand although the person whose surrender is demanded was not in the demanding state at the time of the commission of the crime and although he had not fled therefrom. Neither the demand, the oath nor any proceedings for extradition pursuant to this section need state or show that the person whose surrender is demanded has fled from justice, or at the time of the commission of the crime was in the demanding or other state." (Emphasis added.)
It is noted that demands made pursuant to the Uniform Reciprocal Enforcement of Support Law must comply with the requirements governing the form of demands under the Uniform Criminal Extradition Law, § 941.03, supra, except that in those demands made pursuant to § 88.061, supra, it is not necessary to allege that the accused was present in the demanding state at the time of the commission of the alleged crime and that he thereafter fled from justice. The remaining requirement of § 941.03, supra (that the demand shall be in writing and accompanied by the documents enumerated in the said statute), has been fulfilled in the instant case. Thus, the form of the demand is sufficient, under § 88.061, supra, so as to authorize Clarke's extradition. Any other interpretation would render § 88.061 simply cumulative to § 941.06, since the latter section itself establishes the procedure for extradition of persons not present in the demanding state at the time of the commission of the crime. However, our holding that the demand meets the formal requirements of § 88.061 does not answer the ultimate question: *329 whether Clarke should be surrendered, under the authority of the Uniform Reciprocal Enforcement of Support Law, to the State of North Carolina for trial on the charge of committing the crime of non-support of an illegitimate child.
Since application of the provisions of the Uniform Act are contingent upon a duty of support, Clarke may not be extradited if there is not imposed upon him a duty to support the illegitimate child. The "duty of support" is the only real issue in proceedings under the Uniform Act. Blois v. Blois, Fla.App. 1962, 138 So.2d 373.
"Duties of support arising under the law of this state, when applicable under § 88.081, bind the obligor, present in this state, regardless of the presence or residence of the obligee." Section 88.051, Florida Statutes 1961, F.S.A.
It is provided in § 88.081, Florida Statutes 1961, F.S.A., that the duties of support applicable under Chapter 88 are those imposed under the laws of any state where the obligor[3] was present during the period for which support is sought. The obligor is presumed to have been present in the responding state during the period for which support is sought, unless otherwise shown, § 88.081, supra. It is noted that, prior to the 1952 amendment to the Uniform State Laws, the Act left to the obligee[4] a choice as to what law may be applied to determine the duty of support. By the aforesaid amendment, the provision regarding "choice of law" was intentionally changed to the effect that now the presence of the obligor is the key to determining which state's duties of support shall govern. Thus, the obligor will be subject to the support duties imposed by the laws of the state in which he is found; viz., the responding state, except that under § 88.081, supra, the duties of support may be imposed under the laws of any state where the obligor was present during the period for which support is sought.
Our research of decisions under the Uniform Act discloses that the following authorities have construed the Uniform Act as requiring the responding state to determine the duty of support under the laws of the responding state: Commonwealth of Pennsylvania ex rel. etc., v. Mong, 160 Ohio St. 455, 117 N.E.2d 32; Lambrou v. Berna, 1959, 154 Me. 352, 148 A.2d 697; Rosenberg v. Rosenberg, 1956, 152 Me. 161, 125 A.2d 863; and Cobbe v. Cobbe, 1960, D.C.Mun.App., 163 A.2d 333. To compel a resident of the State of Florida, who was present in the State of Florida during the period of time in question, to support a resident of another state according to the laws of that other state, would violate the Florida resident's right to equal protection of the laws. As was stated in Jackson v. Hall, Fla. 1957, 97 So.2d 1 (at 3): "It then becomes the duty of the court of the responding state to examine the petition and if it `finds a duty of support, it may order the defendant to furnish support * * *.'" It is noted, however, that that decision is not fully determinative of the issues here, because in that case the duty of support had been previously determined in a divorce decree. The proceedings in the case at bar are not to enforce a duty of support based upon a foreign support order as is contemplated by §§ 88.321-88.371, inclusive, Florida Statutes 1961, F.S.A. The question as to whether or not Clarke has a duty to support his allegedly illegitimate child must be determined according to the laws of the State of Florida and by the courts of this state.
At common law, the putative father is under no legal liability to support his illegitimate child. If such liability exists, it must be that imposed by statute. *330 If imposed by statute, the father is liable within the limits and subject to the provisions of the statute, and it is permissible to enforce such liability only in the manner specified in the statute. The statutes requiring a father to support his minor children, as usually construed, do not include an illegitimate child in the absence of a specific reference to such child. Such statutes imposing liability on the father are local in their application and have no extraterritorial effect. In the absence of a statute providing therefor, a criminal prosecution will not lie against the father of an illegitimate child for failure to support, maintain or provide for such child, and the statutory provision making it an offense for a parent to neglect to provide for his or her child applies only to the parent of a legitimate child and does not include the parent of an illegitimate child in the absence of any provision in the statute to the contrary. 10 C.J.S. Bastards §§ 18 c and 20 b(1).
The only statute in Florida that changes the common-law rule is Chapter 742, Florida Statutes, F.S.A. Section 742.10 provides that that Chapter shall be in lieu of any other proceedings provided by law for the determination of paternity and support of bastard children. The term "in lieu of", when used in such a statute, is equivalent to direct repeal of any other provisions of law. Gossler v. Goodrich, 10 Fed.Cas. 836; 21A, Words and Phrases, "In Lieu of" p. 189. Chapter 742 establishes a procedure whereby any unmarried woman who is pregnant or delivered of a bastard child may bring proceedings in the circuit court in chancery to determine the paternity of such child; and if the court shall find the defendant to be the father of the child, then the court shall order the defendant to pay monthly payments for the care and support of the child. Only after such judicial determination is there a duty imposed by the laws of Florida upon the father to support such a child. The record here does not disclose any such judicial determination. Under the laws of the State of Florida, Clarke did not owe a duty of support. The demand did not state that Clarke was present in the State of North Carolina during the period of the non-support with which he was charged. Thus, the laws of North Carolina as to the duty of support may not be applied to him. There being no duty of support imposed by law upon Clarke, the provisions of Chapter 88, the Uniform Reciprocal Enforcement of Support Law, are not applicable and Clarke could not be extradited under the provisions thereof.
When the court announced that it would remand Clarke to the custody of the Sheriff, Clarke then endeavored by petition to submit to the jurisdiction of the court under the proceedings authorized by Chapter 88.071, Florida Statutes, F.S.A. In the petition Clarke denied that he was the father of the child and prayed that the court so determine. The court denied the petition. As we have noted, the procedure established in Chapter 742, Florida Statutes, F.S.A., is the exclusive method in Florida of determining Clarke's duty of support. The proceedings there authorized may be instituted only by the mother of such a child, § 742.021, Florida Statutes, F.S.A. The obligee's participation in any proceedings under Chapter 88, Florida Statutes, F.S.A., does not confer jurisdiction upon the court of any of the parties thereto in any other proceedings. Blois v. Blois, supra. The court properly denied that petition.
The order quashing the writ of habeas corpus and remanding Clarke to the custody of the Sheriff is reversed with the directions to enter an order discharging Clarke from the custody of the Sheriff.
KANNER, Acting C.J., and WHITE, J., concur.
NOTES
[1] Section 941.03, Florida Statutes 1961, F.S.A.:

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under § 941.06, that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by an authenticated copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of a warrant supported by an affidavit made before a committing magistrate of the demanding state; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."
[2] Section 941.06, Florida Statutes 1961, F.S.A.:

"The governor of this state may also surrender, on demand of the executive authority of any other state, any person in this state charged in such other state in the manner provided in § 941.03 with committing an act in this state, or in a third state, intentionally resulting in a crime in the state whose executive authority is making the demand, and the provisions of this chapter not otherwise inconsistent, shall apply to such cases, even though the accused was not in that state at the time of the commission of the crime, and has not fled therefrom."
[3] The "obligor", as defined by § 88.031 (7), Florida Statutes 1961, F.S.A., is any person owing a duty of support.
[4] The "obligee", as defined by § 88.031 (8), Florida Statutes 1961, F.S.A., is any person to whom a duty of support is owed.