PER CURIAM.
Defendant-appellant seeks review of the trial court’s order finding the court to have jurisdiction over the defendant in a paternity suit action.
Plaintiff attempted service of process upon the defendant, a member of the armed forces, by publication in a newspaper. The defendant moved to quash service of process on the grounds for lack of jurisdiction over the person. The court denied the motion and defendant appealed therefrom.
Jurisdiction to determine the question of paternity cannot be acquired in a paternity suit through constructive service by publication on the defendant. See F.S. § 49.-011, F.S.A. Cf. deMoya v. dePena, Fla.App.1963, 148 So.2d 735; T.J.K. v. N.B., Fla.App.1970, 237 So.2d 592.
Accordingly, the order finding the court to have jurisdiction to determine paternity is reversed and this cause is remanded to the trial court for entry of an order consistent herewith.
Reversed and remanded with directions.