363 So.2d 23 (1978)
Janis FORD, Appellant,
v.
John LOEFFLER, Appellee.
No. 78-325.
District Court of Appeal of Florida, Third District.
September 19, 1978.
Rehearing Denied October 23, 1978.
*24 Gold & Fox and Roberta Fulton Fox, Coral Gables, for appellant.
Daniel P. Tunick, Miami, for appellee.
Before PEARSON, BARKDULL and KEHOE, JJ.
KEHOE, Judge.
This is an interlocutory appeal from an order denying defendant's motion to dismiss a complaint for declaratory judgment. In the complaint, plaintiff alleged that he was the father of defendant's child and sought visitation rights. The mother, defendant below, denied plaintiff's claim of paternity and argued that declaratory relief was an inappropriate remedy on these facts. We agree.
At common law, the putative father of an illegitimate child had neither rights nor obligations toward that child. When statutes were devised to protect the interests of illegitimate children, the mother alone was given the right to institute proceedings to determine paternity in order that the innocent child have the benefit of support from his father. See generally Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Clarke v. Blackburn, 151 So.2d 325 (Fla.2d DCA 1963); de Moya v. de Pena, 148 So.2d 735 (Fla.3d DCA 1963). This right has been extended to both married and unmarried women. Gammon v. Cobb, supra. And when a child is born in wedlock, the reputed father may challenge the parentage. Eldridge v. Eldridge, 153 Fla. 873, 16 So.2d 163 (1944).
But there exists no precedent which gives a putative father the right to institute a cause of action to establish that he is the father of a child the mother denies is his. In the case at bar, the father seeks, by declaratory decree, to establish visitation rights with a child as yet not shown to be his natural offspring. On these facts, the issue of visitation rights is premature and must remain quiescent unless and until the child's parentage is determined by a court with jurisdiction to make this determination.
Chapter 742 of the Florida Statutes provides the jurisdictional basis for a court to determine paternity. See especially Section *25 742.10, Florida Statutes [1977].[1] No case interpreting this legislative design has gone so far as to read into the statute an intent to give such a cause of action to a putative father.
The right to sue for a determination of paternity lies with the mother. Clarke v. Blackburn, supra. The mere institution of suit is insufficient to vest in a putative father the right to have the issue of a child's paternity determined by declaratory judgment. Absent legislative revision of Chapter 742, a putative father is without the right to have himself declared the father of a child the mother denies is his.
Since the plaintiff cannot establish paternity, he is not entitled to visitation rights. Therefore, we reverse the order of the trial court, and direct that the cause of action shall be dismissed, with prejudice, because the plaintiff has not presented a justiciable cause of action.
Reversed with directions.
PEARSON, Judge (dissenting).
There must be a way in the law for an unwed father to establish his rights as a father. For the courts to hold that a father may not use the procedure given a mother by Chapter 742, Florida Statutes (1977), and then to hold that because the father has not established paternity he may not have access to the courts by any other method is, I think, improper. The law must constantly be adapted to the conditions and needs of society. See the general propositions in Schwartz, the Ends of Law in a Changing World, 61 A.B.A.J. 1238 (October, 1975); and cf. the fundamental equitable maxim in First State Bank of Clermont v. Fitch, 105 Fla. 435, 141 So. 299, 301 (1932).
I would affirm the decision of the trial judge that there is an action for declaratory judgment to (1) establish paternity, and (2) to establish the rights, if any, of the natural father.
NOTES
[1] We are not unmindful of certain limited situations in which such a determination may be made collaterally to other proceedings. See Gammon v. Cobb, supra; 4 Fla.Jur. Bastards §§ 15, 16 (1969). However, they are not applicable to the case before us.