362 So.2d 998 (1978)
Richard Eugene PEREZ, Appellant,
v.
Darlene STEVENS, Appellee.
No. 77-2395.
District Court of Appeal of Florida, Third District.
September 26, 1978.
Rehearing Denied October 20, 1978.
Franklin, Ullman, Kimler & Entin, North Miami Beach, and Ronald A. Dion, Miami, for appellant.
Magill, Sevier & Reid and Hector J. Lombana, Miami, Hugh R. Papy, Key West, for appellee.
Before BARKDULL, HUBBART and KEHOE, JJ.
KEHOE, Judge.
Appellant, petitioner below, brings this appeal from an order on respondent's [appellee] motion to dismiss dated November *999 10, 1977, entered by the trial court dismissing his petition for a final judgment establishing his paternity as the natural and legal father of a minor child born out of wedlock to appellee. We affirm.
At common law, the putative father of an illegitimate child had neither rights nor obligations toward that child. When statutes were devised to protect the interests of illegitimate children, the mother alone was given the right to institute proceedings to determine paternity in order that the innocent child have the benefit of support from the father. See generally Gammon v. Cobb, 335 So.2d 261 (Fla. 1976); Clarke v. Blackburn, 151 So.2d 325 (Fla. 2d DCA 1963); and deMoya v. dePena, 148 So.2d 735 (Fla. 3d DCA 1963).
In the instant case, appellee denies that appellant is the father of the child. We are unaware of any authority which gives a putative father a cause of action to establish that he is the father of a child who the mother denies is his. Chapter 742, Florida Statutes (1977), provides the jurisdictional basis for a court to determine paternity. No case interpreting this Chapter has gone so far as to read into it an intent to give such a cause of action to a putative father. Absent legislative revision of Chapter 742, a putative father is without the right to have himself declared the father of a child who the mother denies is his. Ford v. Loeffler, ___ So.2d ___ (Fla. 3d DCA, opinion filed September 19, 1978). Accordingly, the order appealed is affirmed.
Affirmed.