912 So.2d 32 (2005)
Orlando J. PEREZ, Appellant,
v.
Angelica Marie GILEDES a/k/a Angelica Marie Perez, Appellee.
No. 4D05-763.
District Court of Appeal of Florida, Fourth District.
August 24, 2005.
Rehearing Denied October 11, 2005.
Michael C. Minardi of Michael Minardi, P.A., Fort Lauderdale, for appellant.
Catherine L. Roselli of Law Office of Catherine L. Roselli, Fort Lauderdale, for appellee.
STONE, J.
Orlando Perez (Father) is the undisputed father of a five-year-old child born in Florida. Father claims that Georgia is the home state of the child and challenges the jurisdiction of the Florida court to grant an emergency child pick-up order. There has been no adjudication of Father's paternity, *33 but Father's parental status appears on the child's birth certificate. We affirm.
Father, the child, and the child's mother lived in Georgia for a year or more between the birth of the child and the mother's instituting this action. In May 2002, the mother returned to Florida, leaving the child with Father. The mother subsequently asked Father to return the child to Florida, but he refused and concealed his address in Georgia.
The trial court entered the emergency child pick-up order ex-parte. The mother also filed a Uniform Child Custody Jurisdiction Act (UCCJA) affidavit, stating that there had been no litigation or custody proceedings in any state and that the child was not subject to any existing child support order in any state.
Father argues that, under the UCCJA, section 61.514, Florida Statutes, prior to exercising jurisdiction over an initial child custody proceeding, the Florida court had to first determine that it had jurisdiction and, since the child had lived for over six months in Georgia, that Georgia was the appropriate forum for any custody proceeding.
The mother of a child born out of wedlock is the natural guardian of her child and "is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise." § 744.301(1), Fla. Stat. See also Muniz v. State, 764 So.2d 729 (Fla. 2d DCA 2000).
We have considered, but deem distinguishable, multiple authorities that recognize a father's rights and obligations under the first sentence of this statute. See, e.g., DeCosta v. North Broward Hosp. Dist., 497 So.2d 1282 (Fla. 4th DCA 1986); State v. Earl, 649 So.2d 297 (Fla. 5th DCA 1995). None, however, involved a dispute between the mother and father over temporary residential care and custody in the absence of a judicial determination of paternity or parental rights. DeCosta, for example, was simply a recognition of the father's obligation for medical services rendered. The fact that Father has enforceable rights and obligations by virtue of his acknowledgement of paternity does not equate to his having a right to temporary custody superior to the mother's prior to a court declaration to that effect. For the limited purpose of this temporary order, it is sufficient for jurisdiction that the mother was a Florida resident when the child was born, that the child was born in Florida, and that the mother, after living in Georgia for a time, again resides here.
We also find our decision in Benson v. Evans, 901 So.2d 893 (Fla. 4th DCA 2005), distinguishable. There, we determined that Florida lacked jurisdiction where the father lived exclusively with the child in another state for three years and was presently seeking an adjudication of paternity. In that case, the mother had no ties to Florida until her recent move here, and there was pending litigation in the other state. Here, the emergency pick-up order simply enforces the mother's presumptive rights until a court determines otherwise and is not a determination as to Father's ultimate custody rights.[1]
Therefore, the order is affirmed.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] We note that this recognition that the child's custody and domicile are with the mother, until such time as a court proceeding determines otherwise, is not inconsistent with Georgia law. See Ga.Code Ann. §§ 19-2-4(a); 19-7-22(a), (c); 19-7-25.