TAYLOR, J.
 

 Allen Stewart, the biological father of Tyler Stewart, appeals the trial court’s Final Order on Motion for Evidentiary Hearing and Reconsideration. The order determined that the father did not have standing to bring claims of intentional interference in custodial rights and intentional infliction of emotional distress against Jennifer Walker, the biological mother of his child. The father argues that the trial court incorrectly applied the common law principle that an unwed father has no equitable interest in his own child rather than abiding by § 742.031(2), Florida Statutes. He also asserts that intentional infliction of emotional distress is not dependent on a familial relationship. We affirm the trial court’s order regarding the claim of intentional interference in custodial rights, but reverse dismissal of the claim of intentional infliction of emotional distress.
 

 Appellant acknowledged paternity at Tyler’s birth in a Florida hospital, and both he and Jennifer Walker, the biological mother, executed an acknowledgment. Without the father’s knowledge or consent, the mother moved with Tyler to Massachusetts. Eventually, the mother filed a com- . plaint to establish paternity in a Massachusetts court.
 

 A November 2006 order from a Massachusetts court outlined the parties’ lengthy litigation. The Massachusetts court found that:
 

 Massachusetts does have subject matter jurisdiction because it was the home state of the child when the initial action was brought and Father’s acknowledgment of paternity is not the equivalent of a child custody determination under Massachusetts law, Florida law, or Federal law. Indeed, after the child resided in Massachusetts for six months, Florida lost any subject matter jurisdiction it may have had under its statutes.
 

 The court noted that the Massachusetts proceedings were initiated in April 2004, after the mother and Tyler had lived there for more than six months, but that Florida custody proceedings were not initiated by the father until March 2005. The court further explained that the father had never proven that the mother wrongfully left Florida. It concluded that it had jurisdiction under the Massachusetts Child Custody and Jurisdiction Act, the Parental Kidnapping and Prevention Act, and Uniform Child Custody Jurisdiction and Enforcement Act.
 

 In December 2006 a Florida trial court issued a Case Management Order. It determined that Massachusetts had proper
 
 *748
 
 jurisdiction over the matter and that Florida could not exercise jurisdiction unless Massachusetts relinquished jurisdiction. The trial judge explained that the fact that Tyler had a Florida birth certifícate listing Stewart as a parent was irrelevant to the custody determinations. In January 2007, a Massachusetts court ordered that, on a temporary basis, the father had the right to visit Tyler every other weekend, certain holidays, and ten continuous days in the summer months.
 

 In January 2007 the father filed a complaint against the mother in a Florida court, alleging that the mother had engaged in tortious misconduct by unilaterally relocating the couple’s son. He specifically accused the mother of tortious interference with the parent-child relationship and tortious intentional infliction of severe emotional distress.
 

 In January 2008 a Florida trial judge rendered a Final Order Denying Plaintiffs “Motion for Jurisdictional Hearing and to Unabate Discovery” and Order on Court’s Sua Sponte Motion Dismissing Cause for Lack of Standing. The trial court stated, “[t]he Plaintiff herein lacks standing to bring this suit because he is not the custodial parent. Florida law deems the biological mother as custodial parent of a child born out of wedlock. §§ 742.081; 744.801 Fla. Stat.” The trial court later rendered a Final Order on Motion for Evidentiary Hearing and for Reconsideration, in which it denied the motions with prejudice. This appeal followed.
 
 [1]
 

 In
 
 Stone v. Wall,
 
 734 So.2d 1038, 1047 (Fla.1999), the Florida Supreme Court first recognized the cause of action of tortious interference with a custodial parent-child relationship by a non-parent. The court cited Restatement of Torts (Second) § 700 (1977) for the modern definition of this cause of action:
 

 One who, with knowledge that the parent does not consent, abducts or otherwise compels or induces a minor child to leave a parent legally entitled to its custody or not to return to the parent after it has been left him, is subject to liability to the parent.
 

 Id.
 
 at 1041-42;
 
 see also Brown v. Brown,
 
 800 So.2d 359, 361 (Fla. 4th DCA 2001). A key element of the cause of action is that “the
 
 plaintiff had superior custody rights
 
 to the child and that the defendant intentionally interfered with those rights.”
 
 Stone,
 
 734 So.2d at 1042 (emphasis added).
 

 The trial judge in this case determined that the father did not have standing to bring the claim under the two Florida statutes discussed below. Section 744.301(1), Florida Statutes (2007), provides that:
 

 The mother and father jointly are natural guardians of their own children and of their adopted children, during minority.... The mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise.
 

 
 *749
 
 § 744.301(1), Fla. Stat. Under the statute, when an unwed father “demonstrates and carries out the requisite settled purpose to be a father, he comes within the first sentence of the statute, making him a natural guardian along with the unwed mother.”
 
 State v. Earl,
 
 649 So.2d 297, 298 (Fla. 5th DCA 1995) (citing
 
 DeCosta v. N. Broward Hosp. Dist.,
 
 497 So.2d 1282 (Fla. 4th DCA 1986)). The last sentence, which states that the mother of a child born out of wedlock is the natural guardian, applies only when there is no father who has declared his paternity and acted like a father to the child.
 
 Id.
 
 The trial judge erred in determining that the father had no standing based on this particular statute, because the father had formally acknowledged his paternity and acted as a father to Tyler in both an economic and emotional sense.
 

 However, the trial judge was correct in finding a lack of standing pursuant to a second statute. Section 742.031(2), Florida Statutes (2007), states:
 

 If a judgment of paternity contains no explicit award of custody, the establishment of a support obligation or of visitation rights in one parent shall be considered a judgment granting primary residential care and custody to the other parent without prejudice. If a paternity judgment contains no such provisions, custody shall be presumed to be with the mother.
 

 § 742.031(2), Fla. Stat.
 

 In this case, the father had been temporarily granted visitation by a Massachusetts court, so the mother was the parent with primary residential care and custody pursuant to the first sentence of section 742.031(2). Under the definition of tortious interference with a custodial parent-child relationship, therefore, the father had no standing because he did not have custody of Tyler. Moreover, his parental rights were inferior to the mother’s. Thus, the trial judge properly found that the father did not have standing to bring this cause of action against the mother under § 742.031(2), Fla. Stat.
 

 With regard to the intentional infliction of emotional distress claim, the trial court erred in determining that the father lacked standing and in dismissing the claim. The elements of this cause of action are the following:
 

 (1) The wrongdoer’s conduct was intentional or reckless, that is, he intended his behavior when he knew or should have known that emotional distress would likely result;
 

 (2) The conduct was outrageous, that is, as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community;
 

 (3) The conduct caused emotional distress; and
 

 (4) The emotional distress was severe.
 

 LeGrande v. Emmanuel,
 
 889 So.2d 991, 994 (Fla. 3d DCA 2004). The concept of “standing” in terms of custodial rights is therefore irrelevant if the father can satisfy the four elements of the tort. The trial court erred in dismissing this cause of action.
 

 We therefore affirm the trial court’s order dismissing the intentional interference with custodial rights claim, but reverse that portion of the order dismissing the intentional infliction of emotional distress claim and remand for further proceedings.
 

 Affirmed in part; Reversed in part and Remanded.
 

 HAZOURI, J, and BLANC, PETER D., Associate Judge, concur.
 

 [1]
 

 . The father previously appealed a final order of dismissal with prejudice. That appeal had to do with his custody battle in the Florida court system. In his initial brief he argued that the trial court erred in presuming that the mother was the custodial parent of the child, that the parties’ paternity affidavit acted as a judicially entered judgment of paternity and therefore must be given full faith and credit as a child custody determination, and that the trial court erred in determining that a Massachusetts court’s exercise of jurisdiction was proper. This court issued a PCA in
 
 Stewart v. Walker,
 
 981 So.2d 1219 (Fla. 4th DCA 2008).