THOMAS, J.
Concurring.
I concur, but write to rely on an additional ground on which to reverse: the Mother correctly argues that reversal is warranted pursuant to section 744.301, Florida Statutes. I agree with the Mother’s argument that because the Father never married her before the child’s birth, as the biological mother, she is entitled to a statutory presumption that she “is the natural guardian of the child and is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise.” § 744.301(1), Fla. Stat. (emphasis added). This unambiguous statute embodies the legislative judgment that a biological mother has a statutory preference to custody against a biological father. As such, that custody cannot be modified except by court order which, by law, must be based on a “substantial, material, and unanticipated change in circumstances and a determination that the modification is in the best interests of the child.” § 61.13(3), Fla. Stat. See also Wade v. Hirschman, 903 So.2d 928, 932 (Fla.2005) (holding “unless otherwise provided in the final judgment, the two-part substantial change test used in Cooper applies to modification of all custody agreements.”) (citing Cooper v. Gress, 854 So.2d 262 (Fla. 1st DCA 2003)).
I respectfully disagree with those decisions that have read section 744.301 as inapplicable where, like here, a biological father purportedly acts like a father. See, e.g., Stewart v. Walker, 5 So.3d 746, 749 (Fla. 5th DCA 2009) (citing State v. Earl, 649 So.2d 297, 298 (Fla. 5th DCA 1995)).
Section 744.301(1), Florida Statutes, provides:
The mother and father jointly are natural guardians of their own children and of their adopted children, during minority. If one parent dies, the surviving parent remains the sole natural guardian even if he or she remarries. If the marriage between the parents is dissolved, the natural guardianship belongs to the parent to whom custody of the child is awarded. If the parents are given joint custody, then both continue as natural guardians. If the marriage is dissolved and neither the father nor the mother is given custody of the child, neither shall act as natural guardian of the child. The mother of a child born out of wedlock is the natural guardian of *316 the child and is entitled to primary residential care and custody of the child unless a court of competent jurisdiction enters an order stating otherwise.
Although it is correct that the first sentence of this section states, “The mother and the father jointly are natural guardians of their own children ...,” this sentence makes no reference to custody, which the statute clearly differentiates from guardianship. In fact, this first sentence, when read in the context of the sentences following, clearly contemplates a child born in wedlock, and is followed by the two possible scenarios in which the parents’ marriage can end: one parent dies and the surviving parent remains the child’s guardian even if that parent remarries, or the parents’ marriage is dissolved via divorce, and the child’s guardian is that parent to whom custody is awarded. The statute then also acknowledges that both formerly married parents can be given joint custody, in which case both parents continue as the child’s guardian (i.e., the status quo ante). Significantly, the statute does not include a presumption in favor of either parent concerning guardianship or custody in the event of the dissolution of marriage.
Contrast this with the remaining scenario the statute addresses: a child born out of wedlock. In that situation, the statute expressly provides that the mother is not only the child’s natural guardian, but is “entitled to primary residential care and custody of the child.” Id. The statute provides only one exception to this rule: when a court of competent jurisdiction enters an order stating otherwise. Thus, unlike in a situation where the parents’ marriage ends, the statute creates an express presumption in favor of the mother when the child is born out of wedlock.
Based on the foregoing, the legislature has clearly made the judgment, which it is entitled to do, that where a father has failed to marry the mother before the child is born, then the mother is entitled to custody of the child. This legislative judgment must be enforced by the judiciary, and not abrogated by crafting additional qualifications and limitations of the statute. See Holly v. Auld, 450 So.2d 217, 219 (Fla.1984) (reiterating that “courts of this state are ‘without power to construe an unambiguous statute in a way which would extend, modify, or limit, its express terms or its reasonable and obvious implications. To do so would be an abrogation of legislative power.’ ”) (quoting Am. Bankers Life Assurance Co. of Fla. v. Williams, 212 So.2d 777, 778 (Fla. 1st DCA 1968)). Such an interpretation violates Article II, section three of the Florida Constitution, which compels the judiciary to respect the legislature’s authority to make the law, which in the realm of family law, is broad indeed.
Here, the trial court’s ruling violates section 744.301 by ordering a change in the statutory entitlement to custody without any evidence of a material change in circumstances. Thus, I concur in the majority opinion but would also reverse on the basis of section 744.301, Florida Statutes.