# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**DANA MORITZ,**
Appellant,

v.

**CHRISTOPHER STONECIPHER,**
Appellee.

No. 4D22-2999

[March 15, 2023]

Appeal of a nonfinal order from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James Martz, Judge; 5022DR004849XXXXSB.

Jennifer H. Milne of South Florida Legal Rescue, Delray Beach, for appellant.

No brief filed for appellee.

GROSS, J.

The mother appeals an order entered within a pending paternity action granting the father's emergency motion to compel the mother to re-enroll the minor child in a Delray Beach elementary school.[1] We reverse the order because, at the time it was entered, no order had established the father's parenting rights. Consequently, the mother was entitled to primary residential care and custody of the child, which includes the decision as to where the child would attend school.

The parents had resided together in Boynton Beach since the child's birth in 2014. In accordance with section 742.10(4), Florida Statutes (2014), the father signed a voluntary acknowledgment of paternity at the child's birth. No further orders were entered regarding the father's parenting rights.

---

[1] We have jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii), as the determination of where the child goes to school is a "right or obligation" of a party "regarding child custody or time-sharing under a parenting plan."

Following the parties' breakup in 2022, the mother moved with the child to her parents' home in Loxahatchee, about 23 miles away from Boynton Beach, and enrolled the second grader in school there.

An acknowledgment of paternity under section 742.10 creates a "rebuttable presumption" of paternity if unchallenged after sixty days. § 742.10(1), Fla. Stat. (2014). But that section does not vest the father with any custodial rights regarding the child.

Section 744.301(1), Florida Statutes (2014), states that "[t]he mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child unless the court enters an order stating otherwise." This language was added to the statute in 1997. *See* Ch. 97-170, § 73, Laws of Fla. Application of this statutory language means that the father's parenting rights in this case remained inchoate until recognized by a court order.

At the time of the order in this case, no order had been entered that would impair the mother's status as the "natural guardian of the child" who "is entitled to primary residential care and custody of the child." When she moved to Loxahatchee and enrolled the child in school, she had the right to do so. This conclusion is consistent with *Perez v. Giledes*, 912 So. 2d 32 (Fla. 4th DCA 2005), where we recognized that

> [t]he fact that Father has enforceable rights and obligations by virtue of his acknowledgement of paternity does not equate to his having a right to temporary custody superior to the mother's prior to a court declaration to that effect.

*Id.* at 33; *see also Nelson v. Mirra*, 335 So. 3d 236, 238 (Fla. 5th DCA 2022) (noting that a father's paternity *status* did not afford him custody rights when a trial court had not yet established them).

We distinguish *Stewart v. Walker*, 5 So. 3d 746 (Fla. 4th DCA 2009), as a case involving a father's standing to bring a lawsuit for intentional torts. We also note that *Stewart* relied on cases decided prior to the statutory amendment to section 744.301(1) quoted above. *See DeCosta v. N. Broward Hosp. Dist.*, 497 So. 2d 1282 (Fla. 4th DCA 1986); *State v. Earl*, 649 So. 2d 297 (Fla. 5th DCA 1995).

For these reasons, we reverse the order on appeal and remand to the circuit court for further proceedings consistent with this opinion.

2

*Reversed and remanded.*

CONNER and KUNTZ, JJ., concur.

\*      \*      \*

**Not final until disposition of timely filed motion for rehearing.**