437 So.2d 732 (1983)
Gregory ISOM, Appellant,
v.
The CIRCUIT COURT OF the TENTH JUDICIAL CIRCUIT, Appellee.
No. 82-2714.
District Court of Appeal of Florida, Second District.
September 7, 1983.
*733 Gregory K. Isom, pro se.
No appearance for Appellee.
SCHEB, Acting Chief Judge.
Appellant, Gregory Isom, appeals from the circuit court's final order dismissing his petition for change of name. We reverse.
While an inmate at Avon Park Correctional Institution, appellant petitioned the court to change his name from Gregory Keith Isom to Talib Muhammad Abdullah. Appellant's petition was sworn to and facially complied with all of the requirements of section 68.07, Florida Statutes (1981).
In dismissing appellant's petition the court stated that "to permit the change of name at this time would obviously create problems for the Department of Corrections and conceal from law enforcement officers his past record." Appellant filed a motion for rehearing stating, among other things, that:
[T]aking on the muslim name of Talib Muhammad Abdullah would not imply that all the records within the Department of Corrections will have to be changed. In fact, petitioner will not force officials of the Department of Corrections to alter the records by placing his new name on them.
In an amicus curiae brief requested by this court, the Department of Corrections takes the position that the decision to grant a change of name is a matter between the petitioner and the court so long as the court does not issue an order to the Department. Should the court consider issuing an order affecting the Department's procedures, the Department adds, it would request a hearing to explain in detail the administrative burdens and costs in changing some, or all, of its records.[1]
At common law a person could adopt another name at will, absent a fraudulent, criminal, or wrongful purpose. Moskowitz v. Moskowitz, 118 N.H. 199, 385 A.2d 120 (1978). The codification of this common law right was intended primarily to aid the individual's right to a name change at will, giving the advantage of a public record to document the change. 57 Am.Jur.2d Name § 11; In re Application of Knight, 36 Colo. App. 187, 537 P.2d 1085 (1975); 79 A.L.R.3d 559.
In keeping with the common law tradition, in Florida a person may adopt a name other than his or her own as long as no fraudulent or wrongful purposes are involved. See Adoption of Long, 56 So.2d 450 (Fla. 1952). However, adherence to the statutory requirements affords protection to both the applicant and the general public. Therefore, a petition under this statute should generally be granted unless sought for a wrongful or fraudulent purpose. In re Application of Knight; 65 C.J.S. Names § 11; see also In re Hooper, 436 So.2d 401 (Fla. 2d DCA 1983); § 68.07(j), Fla. Stat. (1981).
Here, appellant's petition states that he desires to change his name only for religious purposes, and that he has no intention to further an ulterior or illegal purpose. The trial court's conclusion that the granting of petitioner's name change would create problems for the Department of Corrections and law enforcement officers is not supported by the record. See In re Petition of Knight; Petition of Alexander, 260 Pa. Super. 371, 394 A.2d 597 (1978).
*734 Therefore, in light of appellant's facially sufficient petition for name change and the lack of any evidence to support any ulterior or illegal purpose, the trial court erred in summarily dismissing appellant's petition for a change of name.
Accordingly, we reinstate appellant's petition and remand for further proceedings consistent with this opinion.
RYDER and DANAHY, JJ., Concur.
NOTES
[1] The Department points out that if an inmate has a grievance concerning the Department's actions in response to a name change, the inmate may file a grievance pursuant to Rule 33-3.07, Florida Administrative Code.