**Jerrell DORSEY, Plaintiff-Appellant,**

**v.**

**J.C. EDGE, Officer, Defendant-Appellee.**

**No. 86–8706**

**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 22, 1987.

Wesley Williams, (Court appointed), Blairsville, Ga., for plaintiff-appellant.

Phillip L. Hartley, Harben & Hartley Law Firm, Gainesville, Ga., for defendant-appellee.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

Jerrell Dorsey, a Georgia inmate, brings this appeal from the district court's dismissal of his civil rights suit against Officer J.C. Edge and Warden Dale Glenn. Finding no abuse of discretion, we affirm the district court's order.

Dorsey filed this civil rights action under 42 U.S.C. § 1983, alleging that Edge struck him in the head and mouth with a set of keys and then conspired with Glenn to conceal the truth about the assault. After determining that Dorsey's complaint was not frivolous, the district court appointed counsel and granted a 90 day extension of time for discovery. The pre-trial order listed Dorsey as the only witness in his own behalf; it further stated that if the warden of the facility where Dorsey was incarcerated would not produce him for trial, Dorsey's evidence was to be submitted by deposition. Although the court requested that the Department of Corrections authorize Dorsey's transfer and that the county sheriff transport him to and from trial, the court advised the parties that it would not require the production of the plaintiff by writ of habeas corpus *ad testificandum.* When Dorsey did not appear at trial, his attorney indicated that he could not proceed without Dorsey's presence since he had not taken his client's deposition. At this point, the district court concluded that it had no alternative but to dismiss the case for want of prosecution.

Normally, the dismissal of a prisoner civil rights case for failure to prosecute is disfavored because such a harsh sanction "runs counter to the policy of the law favoring the disposition of cases on the merits." *Holt v. Pitts,* 619 F.2d 558, 562 (6th Cir.1980). In this case, however, the district court appointed counsel and explicitly informed both Dorsey and his counsel in the pre-trial order that the plaintiff's evidence could be presented by deposition. The trial judge thus complied with this court's mandate that district courts should be "imaginative and innovative" in devising ways to afford a prisoner plaintiff his day in court. *See Ballard v. Spradley,* 557 F.2d 476, 480 (5th Cir.1977). A prisoner's right of access to the courts does not necessarily guarantee him the right to be physically present at the trial of his civil suit. *Pollard v. White,* 738 F.2d 1124, 1125 (11th Cir.1984), *cert. denied,* 469 U.S. 1111, 105 S.Ct. 791, 83 L.Ed.2d 785 (1985). Here the district judge took reasonable steps to insure that the plaintiff would be able to present his case, but Dorsey and his counsel failed to avail themselves of that opportunity. The district court therefore did not abuse its discretion in dismissing this action for want of prosecution.

AFFIRMED.