573 So.2d 140 (1991)
In re Petition for Name Change from Darrell Lee KEPPRO to Darrell Lee McQuaid.
No. 89-2543.
District Court of Appeal of Florida, First District.
January 10, 1991.
*141 Appellant pro se.
Robert A. Butterworth, Atty. Gen., Jason Vail and Susan A. Maher, Asst. Attys. Gen., amicus curiae.
NIMMONS, Judge.
Appellant, Darrell Lee Keppro, appeals from a final order denying his petition for a name change. We reverse.
While an inmate at the Mayo Correctional Institution in Lafayette County, the appellant filed a petition in the circuit court seeking an order changing his name to Darrell Lee McQuaid. The petition was under oath and responded to each of the statutory criteria set forth in Section 68.07, Florida Statutes (1987). The appellant filed a petition for writ of habeas corpus ad testificandum in which he sought an order to transport him to the final hearing. In conjunction with the habeas petition, the appellant filed an affidavit of indigency. The trial court entered an order setting the case for final hearing. The court also issued a writ of habeas corpus ad testificandum requiring the sheriff of Lafayette County to transport Keppro from the Mayo Correctional Institute to the Lafayette County Courthouse, conditioned upon the prepayment of reasonable costs incurred in transporting him, which amount the court determined to be $66.37. The order provided that "until such costs are paid, the Sheriff shall have not [sic] obligation to execute this order." The appellant's indigent status was not referred to in the order.
The next thing that appears from the record is a final judgment which was rendered shortly thereafter in which the trial court indicated the matter was heard and, based on the evidence presented, the petition was denied. It is not apparent whether a hearing was in fact held, whether the appellant was present, and whether any transportation costs were paid.
Pursuant to our invitation, the Attorney General has appeared as amicus curiae and has addressed several issues, including whether an indigent state prisoner has a right to be transported to a final hearing in a civil case at the government's expense and whether the prisoner's presence is required at a name change proceeding.
Section 57.081, Florida Statutes (1987), states in pertinent part that any indigent person who initiates a judicial proceeding "shall receive the services of the courts, sheriffs, and clerks, with respect to such proceedings, without charge." Further, "[n]o prepayment of costs to any judge, clerk, or sheriff is required in any action when the party has obtained from the clerk in each proceeding a certification of indigency... ." The statute also provides for the sheriff to be reimbursed by the Board of County Commissioners if his personal funds are used in complying with the terms of the section.
Furthermore, under Section 944.17(8), Florida Statutes (1987), the court is required to issue an order to the sheriff to assume temporary custody and transport the state prisoner whose presence is required in court for any reason. The statute is devoid of any language indicating who is to bear the cost of transportation or of housing the inmate in the county jail if necessary. However, in State ex. rel Wainwright v. Booth, 291 So.2d 74 (Fla. 2d DCA 1974), the court held it was the duty of the county sheriff to house, transport, and provide security arrangements for the trial of five defendants accused of committing murder in a state prison.
*142 Under Section 951.032, Florida Statutes (1987), a county or municipal detention facility may seek reimbursement from a prisoner when expenses solely relating to medical treatment are incurred. Further, pursuant to Section 57.091, the county may be reimbursed from the general revenue fund for fees, costs and expenses paid by the county in competency hearings, criminal proceedings and habeas corpus cases involving state prisoners. The statutes are silent as to the recovery of expenses incurred in civil proceedings. Thus, there is no statute authorizing the trial court to order an inmate to pay for transportation to the courthouse for a civil proceeding.
There is a question as to whether the appellant satisfied the requirement of obtaining a certificate of indigency required under Section 57.081(1). It is clear from the record that the appellant filed an affidavit of indigency which was accepted by the clerk of the court, but apparently through oversight no certificate of indigency was issued. This oversight does not preclude the appellant from receiving a waiver of costs to which he otherwise would have been entitled had a certificate of indigency been issued.
Of assistance to us in reaching the correct resolution of the instant case are the opinions in Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732 (Fla. 2d DCA 1983) and Davis v. State, 510 So.2d 1124 (Fla. 2d DCA 1987). In Isom, the court held that a petition for a name change should generally be granted unless the change was sought for a wrongful or fraudulent purpose. The appellant's petition in Isom was facially sufficient and there was no evidence to support an ulterior or illegal motive; thus it was error for the trial court to summarily dismiss the petition.
In Davis, supra, the appellant's facially valid petition for a name change was denied for reasons not stated in the record. The appellant was an inmate at a state correctional facility and was declared indigent when the proceeding was instituted. The court reversed, holding it was error to summarily deny the facially sufficient petition.
Likewise, in the instant case, the appellant's petition, sufficient on its face, was denied apparently without the court having received any evidence. Under the authority of Davis and Isom, such a petition cannot be summarily denied.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
ALLEN, J., concurs.
WENTWORTH, J., specially concurs with opinion.
WENTWORTH, Judge, concurring.
I concur in reversing the lower court's summary denial of appellant's name change petition. However, I express no opinion as to whether the state may be required to provide appellant with transportation at the government's expense, as I do not view the resolution of this issue to be compelled by the present posture of this case.