586 So.2d 1056 (1991)
Jerry Wesley GOSBY, Petitioner,
v.
THIRD JUDICIAL CIRCUIT, et al., Respondents.
No. 76417.
Supreme Court of Florida.
October 3, 1991.
Nada M. Carey, Tallahassee, for petitioner.
Baya Harrison, III, Monticello, for respondents.
BARKETT, Justice.
We review Gosby v. Third Judicial Circuit, 562 So.2d 775 (Fla. 1st DCA 1990), in which the district court certified conflict with Lane v. Kaney, 557 So.2d 210 (Fla. 5th DCA 1990).[1] We quash the decision below.
Gosby is an inmate in a Florida state prison. In May 1989, he petitioned the *1057 circuit court to change his name for religious reasons to Abdul Ghaffaar-Abdullah Muhammad. In August 1989, Gosby wrote a letter to the circuit judge asking him to consider his petition. In response, the judge wrote Gosby that name change petitions are not granted without a hearing and that he could not act upon the petition without Gosby's presence at a hearing, which would be difficult or impossible for Gosby since he was incarcerated. On April 19, 1990, Gosby filed a writ of mandamus in the First District requesting an order directing the circuit court to rule one way or the other on his petition for a name change. The district court denied the writ on the grounds that Gosby failed to allege that he had actually scheduled a hearing on his petition with the judge's office, or if such hearing were held that he or his legal representative would attend. The court certified conflict with Lane v. Kaney, 557 So.2d at 210, which held that even if a petitioner for a name change is incarcerated, he is entitled to a ruling on his petition. Other district courts have held that a prisoner's facially sufficient name change petition should be granted where there is no evidence to support any ulterior or illegal purpose. See In re Keppro, 573 So.2d 140 (Fla. 1st DCA 1991); Davis v. State, 510 So.2d 1124 (Fla. 2d DCA 1987); Isom v. Circuit Court, 437 So.2d 732 (Fla. 2d DCA 1983).
The real issue in this case is whether the trial court can make Gosby's physical presence at a hearing a condition precedent to granting a name change under section 68.07, Florida Statutes (1987). Under this statute, a petition for a name change must be verified and must include such information as whether the petitioner is a convicted felon, has been known or called by any other names, and has ever been adjudicated bankrupt. Id. § 68.07(2)(f)-(h). The petition also must show that it is filed for no ulterior or illegal purpose and granting it will not invade the property rights of others. Id. § 68.07(2)(j).
To determine whether the allegations in the name change petition are true, the trial court has discretion to order a hearing if the court chooses. See id. § 68.07(3). However, the court can conduct a hearing by telephone, as contemplated in Rule 2.071, Rules of Judicial Administration. While this may be a departure from traditional practice, it would be an inexpensive and practical method to resolve the matter with minimal effort.
In addition, the Florida Rules of Civil Procedure provide means by which parties or witnesses may present testimony when their physical presence is not possible at a civil trial or hearing. For example, rule 1.310 provides that testimony of any party to a civil suit may be taken by deposition, which may be recorded stenographically, videotaped, or taken by telephone. See also, e.g., id. 1.340 (interrogatories); 1.320 (depositions upon written question). These rules are no less applicable to an incarcerated individual. See id. 1.310(a) (authorizing the court to order the deposition of a prisoner "on such terms as the court prescribes"); id. 1.320 (same); id. 1.330(a)(3)(C) (deposition may be used in court proceedings for any purpose where judge finds "that the witness is unable to attend or testify because of ... imprisonment"); cf. Dorsey v. Edge, 819 F.2d 1066, 1067 (11th Cir.1987) ("courts should be `imaginative and innovative' in devising ways to afford a prisoner plaintiff his day in court"); Kirk v. United States, 589 F. Supp. 808, 810 (E.D.Va. 1984) (requiring court to explore alternative means to secure prisoner's testimony). Thus, there are many alternatives to an inmate petitioner's physical presence. We conclude that in light of the above described methods for the presentation of a petitioner's testimony, a judge cannot make a prisoner's physical presence a condition precedent to ruling on the petition.[2]
*1058 Accordingly, we approve the decision in Lane and quash the decision below. We remand this case for proceedings consistent with this opinion.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(4) of the Florida Constitution.
[2] This opinion is not intended to override the Department of Corrections' administrative practice of using the prisoner's committed name on prison files and records. Should Gosby wish to protest any department regulation, he must follow the grievance procedure as set forth in Florida Administrative Code Rule 33-29.