604 So.2d 1281 (1992)
Charles Lamont CASEY, Appellant,
v.
STATE of Florida, Appellee.
No. 91-1887.
District Court of Appeal of Florida, Fifth District.
September 11, 1992.
Charles Lamont Casey, pro se.
No appearance for appellee.
DIAMANTIS, Judge.
Appellant Charles Lamont Casey appeals from the trial court's order denying his petition for a name change. We reverse and remand for further proceedings consistent with this opinion.
While incarcerated at Okaloosa Correctional Institution appellant petitioned to change his name to Shabazz Abdul Malik. Appellant's petition was verified and facially complied with the requirements of section 68.07, Florida Statutes (1991). The trial court's order, rendered fifteen days after the petition was filed, indicates that the matter was heard and that the petition was denied, but the order did not provide any reason for denying the petition. The record in this case fails to indicate whether a hearing was in fact held, whether appellant was afforded an opportunity to be present for the hearing, and whether any evidence was presented. Appellant's motion for rehearing was denied by the lower court without specifying any reason other than a citation to Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA) rev. denied, 407 So.2d 1102 (Fla. 1981).[1]
In the instant case the trial court, apparently without having received evidence, summarily denied appellant's facially sufficient petition and committed reversible error in doing so. In Re Keppro, 573 So.2d 140 (Fla. 1st DCA 1991); Davis v. State, 510 So.2d 1124 (Fla. 2d DCA 1987); Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732 (Fla. 2d DCA 1983). A facially sufficient petition for a *1282 name change should be granted where there is no evidence to support any ulterior or illegal purpose. Keppro, 573 So.2d at 142; Isom, 437 So.2d at 733-734.
We recognize that the trial court may have been concerned that granting the change of name might create problems for the Department of Corrections and other law enforcement agencies and officials. However, in order for the trial court to deny appellant's petition based on this concern, there must be record support for this conclusion. Isom, 437 So.2d at 733.
A trial court has the discretion to order a hearing to determine whether the allegations in a name change petition are true. Gosby v. Third Judicial Circuit, 586 So.2d 1056, 1057 (Fla. 1991). If the trial court is concerned that the name change may create problems for the Department of Corrections and law enforcement agencies, it should give those agencies notice and an opportunity to be heard in such a hearing. Additionally, appellant would have the right to be heard and present evidence at any such hearing. We note that the supreme court in Gosby, supra, suggested several procedures for conducting such a hearing when a petitioner seeking a name change is incarcerated. Naturally, any procedures utilized by the trial court should comport with procedural due process.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
W. SHARP and HARRIS, JJ., concur.
NOTES
[1] In Carnell v. Carnell, 398 So.2d 503 (Fla. 5th DCA) rev. denied, 407 So.2d 1102 (Fla. 1981), this court held, among other things, that in a non-jury trial a court could deny, without oral argument, a motion for rehearing which contained no matters with merit that had not been previously argued to the court during trial.