611 So.2d 1355 (1993)
Kenneth BROWN, Appellant,
v.
In re: NAME CHANGE, Appellee.
No. 91-02349.
District Court of Appeal of Florida, Second District.
January 15, 1993.
Kenneth Brown pro se.
No Appearance for appellee.
FRANK, Judge.
The appellant seeks review of a final order denying his petition for change of name. We reverse.
Kenneth S. Brown, an inmate, petitioned the trial court requesting that his name be changed to Akenaton-Yahkub Azrael. The petition was sworn to and complied with the statutory criteria set forth in section 68.07, Florida Statutes (1991). The Department *1356 of Corrections filed a response acknowledging Brown's right to assume another name, but urged an objection to the name change "to safeguard legitimate institutional and penological interests." The record is silent as to whether Brown was given an opportunity to present evidence and be heard, but it appears to us that the trial court summarily denied the petition without the benefit of an evidentiary proceeding.
The petition states that Brown desires to change his name for religious purposes only, and that he has no intention of furthering an ulterior or illegal design. We have determined that a facially sufficient petition for a name change should be granted where there is no evidence of a wrongful or fraudulent purpose. Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732 (Fla. 2d DCA 1983); see also, Davis v. State, 510 So.2d 1124 (Fla. 2d DCA 1987). Consistent with Isom and Davis, the petition should not have been summarily denied.
We recognize the trial court may have thought that the name change might adversely affect the security interests of the Department of Corrections. Without conducting an evidentiary hearing on this matter, however, the trial court was without any basis for determining the concerns of the Department. See Casey v. State, 604 So.2d 1281 (Fla. 5th DCA 1992).
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
CAMPBELL, A.C.J., and BLUE, J., concur.