998 F.2d 1018
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Kraig M. LAGER, Appellant,
v.
ATTORNEY GENERAL; Henry Cox, Appellees.
 No. 93-1801.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: July 8, 1993.
Filed: July 15, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Kraig M. Lager, a Missouri inmate, appeals from the district court's[1] grant of summary judgment in favor of the Missouri Attorney General and Henry Cox, a correctional officer, in his 42 U.S.C. § 1983 action. Lager alleged Mo. Rev. Stat. § 491.230.2 (Supp. 1992) (preventing incarcerated persons from appearing at and attending civil proceedings other than proceedings to terminate parental rights) was unconstitutional and Cox's confiscation of his four law books on the same day the state court had dismissed his suit constituted improper retaliation for exercising his constitutional right of access to the courts. We affirm.
 
 
 2
 We review de novo a grant of summary judgment and examine the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment was proper as Lager's constitutional claims lack merit. Although Lager argues that he did not allege a constitutional right to be present at civil trials and hearings, the majority of his constitutional claims focus on nothing more than denial of access to the courts. Section 491.230.2, however, does not limit an inmate's access to the court. It merely prevents an incarcerated person from appearing at and attending civil proceedings other than proceedings to terminate parental rights. We have recognized that an inmate has no constitutional right to attend proceedings relating to a civil lawsuit. Fruit v. Norris, 905 F.2d 1147, 1150 n.6 (8th Cir. 1990) (citing Dorsey v. Edge, 819 F.2d 1066, 1067 (11th Cir. 1987)); American Inmate Paralegal Assoc. v. Cline, 859 F.2d 59, 62 (8th Cir.) (per curiam), cert. denied, 488 U.S. 996 (1988).
 
 
 3
 We do not address Lager's arguments that section 491.230.2 violates the Missouri Constitution. See Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975 (8th Cir. 1993) (section 1983 is limited to deprivation of federal law). We conclude Lager's equal protection claim and his allegation that section 491.230.2 violates Article 1, Section 9 of the United States Constitution are clearly meritless. We reject Lager's argument that the district court erred in granting summary judgment on his retaliation claim. See Flittie v. Solem, 827 F.2d 276, 281 (8th Cir. 1987) (per curiam). Lager did not come forward with sufficient proof of retaliatory motive, even in his motion for reconsideration. We conclude the district court properly dismissed former Governor Ashcroft and the unknown state legislators as they were entitled to immunity from damages arising out of their official legislative activities. See United States v. Vesterso, 828 F.2d 1234, 1243 (8th Cir. 1987) (citing Tenney v. Brandhove, 341 U.S. 367 (1951)).
 
 
 4
 We do not address the claims Lager alleges for the first time on appeal as he has not shown that a manifest injustice will otherwise result. See Ryder v. Morris, 752 F.2d 327, 332 (8th Cir.), cert. denied, 471 U.S. 1126 (1985). We deny defendants' motion to file their "sur-reply" brief.
 
 
 5
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri