PATTERSON, Judge.
The appellant challenges the order denying his petition for a name change. We agree that the trial court erred in summarily denying the petition and reverse.
A trial court should grant a petition for name change if the petition is facially sufficient and no showing has been made that the change was sought for wrongful purposes. Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732 (Fla. 2d DCA 1983). The court has the discretion to order a hearing to determine the truthfulness of the allegations in the petition. Casey v. State, 604 So.2d 1281 (Fla. 5th DCA 1992).
In the present case, the petitioner is a state prison inmate. If the trial court’s basis for denying the petition was its concern that the name change would create problems for the Department of Corrections and law enforcement agencies, a hearing would give the agencies notice and an opportunity to be heard on the matter. Casey, 604 So.2d at 1282. The inmate petitioner need not be present at the hearing, but may present tes-. timony by other means, e.g., deposition, videotape, or telephone. Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991).
Reversed and remanded for further proceedings.
FRANK, C.J., and RYDER, J., concur.