STEVENSON, Judge.
Hoyos, a prison mmate, converted to the religious faith of Islam while he was incarcerated. Thereafter, he filed a facially sufficient petition pursuant to Section 68.07, Florida Statutes (1993), to change his name in accordance with religious tradition. In response, the Department of Corrections (“DOC”) filed a conditional objection contending that a name change would adversely affect its security interests. Based on DOC’s response, the trial court summarily denied Hoyos’ petition. After the petition was denied, Hoyos requested an evidentiary hearing. The trial court denied the request. We reverse and remand with instructions for the trial court to hold an evidentiary hearing on Hoyos’ petition.
Ordinarily, a facially sufficient petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose. See Brown v. Name Change, 611 So.2d 1355 (Fla. 2d DCA 1993). The trial court committed reversible error when it failed to provide Hoyos with an opportunity to present evidence and to be heard on the issue of whether or not his reasons for seeking a name change were without ulterior or illegal motive. Gosby v. Third Jud. Cir., 586 So.2d 1056 (Fla.1991); Casey v. State, 604 So.2d 1281 (Fla. 5th DCA 1992); In re Boyd, 627 So.2d 30 (Fla. 2d DCA 1993).
REVERSED and REMANDED.
ANSTEAD and KLEIN, JJ., concur.