KLEIN, Judge.
Appellant, an indigent prisoner, filed a petition to change his name, which the trial court denied, following a telephone hearing, on the ground that the reason for the change was “for an ulterior purpose.” The trial court gave no further explanation as to why it denied the petition, and the telephonic hearing was not transcribed. There is, accordingly, no way for us to determine whether appellant’s petition was properly denied.
Although there are a number of cases holding that a trial court cannot, without having received evidence, summarily deny a facially sufficient petition for change of name, Casey v. State, 604 So.2d 1281 (Fla. 5th DCA 1992), and cases cited therein, we are not aware of any cases involving this specific situation, in which there was a hearing, but no transcript or findings of fact.
If a prisoner’s facially sufficient petition for change of name cannot be denied without evidence to support the denial, it follows that a denial based on an unreported evidentiary hearing, in the absence of factual findings, would also be improper. We therefore conclude that when a trial court does deny a facially sufficient petition for change of name under the circumstances of this case, the factual basis for the denial should be set forth in the order. We are well aware that trial judges already have enough to do, and that some of them have to deal with an excessive number of meritless claims by a few prisoners; however, we believe that requiring findings of fact is better than the only alternative we can think of, having the public bear the cost of reporting the hearing.
Our change of name statute, section 68.07, Florida Statutes, requires that a petition for change of name be verified. The petition in the present case is not properly verified. Section 92.525, Florida Statutes (1993), provides that documents may be verified by either (1) giving an oath before an authorized officer; or (2) by signing a written declaration which attests that under penalties of perjury, the facts stated in it are true. A verification which states that the information contained therein is true “to the best of [the affiant’s] knowledge” is insufficient because it is qualified, not positive. See Hahn v. Frederick, 66 So.2d 823 (Fla.1953); Hall v. Byington, 421 So.2d 817 (Fla. 4th DCA 1982). Accordingly, we affirm the denial of the petition, but do so without prejudice to petitioner’s filing a petition in proper form.
Affirmed.
GLICKSTEIN and WARNER, JJ., concur.