BENTON, Judge,
dissenting.
This pro se appeal seeks to overturn an order denying petition for name change. The verified petition for change of name appellant filed in circuit court makes all the allegations required by section 68.07(2), Florida Statutes (1993), but does not make the additional allegation required by section 68.07(2)(k), Florida Statutes (1995), in that the petition does not allege
[t]hat the petitioner’s civil rights have never been suspended, or if the petitioner’s civil rights have been suspended, that full restoration of civil rights has occurred.
§ 68.07(2)(k), Fla. Stat. (1995). According to the verified petition, the felony convictions occasioning the suspension of petitioner’s civil rights under section 944.292, Florida Statutes, occurred before the amendment adding paragraph (k) to subsection (2) of the name change statute, Ch. 95-283, § 1, at 2652, Laws of Fla., took effect.
The trial court summarily denied the petition for name change sua sponte without a hearing. This is the order which we now have for review. The body of the order states:
This Court, having received the Petition of the Defendant/Petitioner dated June 20, 1995, finds that the Petition is legally unfounded. According to the amended section 68.07, Florida Statutes (199[5]), a petition for name change shall be verified and show “THAT THE PETITIONER’S CIVIL RIGHTS HAVE NEVER BEEN SUSPENDED, OR IF THE PETITIONER’S CIVIL RIGHTS HAVE BEEN SUSPENDED, THAT FULL RESTORATION OF CIVIL RIGHTS HAS OCCURRED.” This statute is effective June 15, 1995, except as otherwise provided. For the foregoing reason, the Petition of the Defendant/Petitioner is hereby DENIED.
By motion for rehearing in the trial court, appellant argued that application of the amended statute ran afoul of the Florida and federal constitutional prohibitions against ex post facto laws. Art. I, § 10, Fla. Const.; U.S. Const. art. I, § 10, cl. 1.
But appellant withdrew the motion for rehearing before it was acted on, and took this appeal instead. On appeal, he argues for reversal on ex post facto grounds, among others. The verified petition filed in the trial court alleges that appellant was convicted of two felonies, the first in 1990 and the second in 1994. Absent an evidentiary hearing, these allegations control. I would find the ex post facto question preserved. See Hoyos v. Singletary, 639 So.2d 631 (Fla. 4th DCA 1994); Brown v. Name Change, 611 So.2d 1355 (Fla. 2d DCA 1993); Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991); Casey v. State, 604 So.2d 1281 (Fla. 5th DCA 1992); In re Boyd, 627 So.2d 30 (Fla. 2d DCA 1993); In re Keppro, 573 So.2d 140 (Fla. 1st DCA 1991)(holding that summary denial of prisoner’s petition for name change without a hearing is error when petition is sufficient on its face).
The order denying petition for name change should be reversed on the ground that application of the amended statute to deny a name change on account of offenses committed before the amendment took effect violates Article I, Section 10 of the Constitution of the State of Florida. See generally Dugger v. Williams, 593 So.2d 180 (Fla.1991); Waldrup v. Dugger, 562 So.2d 687 (Fla.1990); Patterson v. State, 513 So.2d 1263 (Fla.1987); Livingston v. State, 510 So.2d 295 (Fla.1987). The statutory amendment disadvantaged appellant, depriving him of a liberty interest. See Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732, 733 (Fla. 2d DCA 1983)(concluding that the name change statute codifies the common law right to “adopt another name at will, absent a fraudulent, criminal or wrongful purpose”).
Reaching the federal ex post facto question is unnecessary. Traylor v. State, 596 So.2d 957 (Fla.1992). What use, if any, the Depart *1023 ment of Corrections must make of a prisoner’s new name is a discrete question not presented on this record. Isom; see generally Gilbert v. Peters, 55 F.3d 237, 238 (7th Cir.1995)(upholding statute requiring all incarcerated sex offenders to submit blood specimens to Department of State Police prior to final discharge, parole, or release, because “Reasonable prison regulations are not frozen at the time of each inmate’s conduct, but rather, they may be subject to reasonable amendments as necessary for good prison administration, safety and efficiency, without implicating ex post facto concerns” (citing Ewell v. Murray, 11 F.3d 482, 485-86 (4th Cir.1993), cert. denied, — U.S. -, 114 S.Ct. 2112, 128 L.Ed.2d 671 (1994))). Here the Department of Corrections lodged no objection to the name change, in any event.
Additionally, appellant contends that he is entitled to change his name by virtue of the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb et seq., see Werner v. McCotter, 49 F.3d 1476, 1479 (10th Cir.1995), cert. denied sub nom., Thomas v. McCotter, — U.S. -, 115 S.Ct. 2625, 132 L.Ed.2d 866 (1995); Malik v. Brown, 71 F.3d 724, 729 (9th Cir.1995), now that he has converted to Islam. He also asserts that the Free Exercise Clause of the First Amendment guarantees him this right. See Barrett v. Virginia, 689 F.2d 498 (4th Cir.1982). These arguments were originally advanced in the now abandoned motion for rehearing filed in the trial court. The First Amendment issues are not properly before us, because the petition for change of name does not allege a religious motive for seeking the name change. In contrast, the ex post facto issue inheres in application of the amended statute to deny a name change because of offenses antedating the statutory amendment. At the very least, the order denying name change should be reversed and the case be remanded with directions to grant leave to file an amended petition.