783 So.2d 293 (2001)
Marzuq AL-HAKIM, Petitioner,
v.
STATE of Florida, Respondent.
No. 5D01-369.
District Court of Appeal of Florida, Fifth District.
March 16, 2001.
*294 Marzuq Al-Hakim, Crawfordville, prose.
No Appearance for Respondent.
PLEUS, J.
Marzuq Al-Hakim, an inmate at the Wakulla Correctional Institution, seeks from this court, as best we can discern, a writ of mandamus directed to the sheriff who, Al-Hakim claims, has yet to serve process with regard to a complaint he filed in a civil action.
Al-Hakim is not entitled to a writ of mandamus at this time. Absent from his instant petition is any allegation that he has made an attempt to schedule a court hearing with the trial court in conjunction with his motion. It is well-settled that in a civil proceeding, it is generally necessary to bring a pending matter to the trial court's attention by having it noticed for hearing. See Gosby v. Third Judicial Circuit Court, 562 So.2d 775 (Fla. 1st DCA 1990) (in civil proceeding, prisoner must allege that hearing was scheduled with trial judge's office), disapproved on other grounds, 586 So.2d 1056 (Fla.1991). Under Gosby, for purposes of seeking a hearing, it is of no moment that the petitioner is presently incarcerated. In the instant case, if in fact the sheriff has acted improperly in not serving process with regard to Al-Hakim's complaint, the trial court would be in the best position to address the matter at a duly-noticed hearing.
Without any allegation or indication that Al-Hakim noticed the matter for hearing, his instant petition is legally insufficient because an individual seeking to compel a public official to act must first make an express and distinct demand for performance before mandamus will be considered. See Florida Pharmacy Ass'n, Inc. v. Strong, 604 So.2d 529 (Fla. 1st DCA 1992). Though Al-Hakim is presently incarcerated, he would be able to attend a telephonic hearing should the trial court in its discretion decide to hold one. Gosby v. Third Judicial Circuit, 586 So.2d 1056 (Fla.1991) (trial court has discretion to decide whether to hold a telephonic hearing in prisoner's civil case, but may not make prisoner's physical presence a condition precedent to ruling on pending matter).
Accordingly, the petition for writ of mandamus is summarily denied without prejudice to Al-Hakim later seeking mandamus relief if necessary after first scheduling a hearing with the trial court.
PETITION DENIED.
*295 PALMER, J., concurs.
PETERSON, J., concurs specially, with opinion.
PETERSON, J., concurring specially.
Marzuq Al-Hakim's petition is difficult to interpret. I think that he is upset because the trial court has not acted on Al-Hakim's "Motion for Service by Sheriff (sic) Office." His petition is not supported by any portion of the record below, but I surmise that he wants the trial court to require the sheriff of a county unknown to this court to serve a summons.
I suspect, but candidly admit to speculation, Al-Hakim has not submitted to the clerk of the court a summons and copy of his complaint so that the clerk can issue the summons, and then deliver it to the sheriff for service. Preparation of the summons with a copy of the complaint attached is the burden of the petitioner, not the clerk.
If Al-Hakim has provided the summons and copy of the complaint to the clerk and the clerk has failed to act, or if the clerk has acted and the sheriff has not performed his duty, then the petition for mandamus should name as the respondent either the clerk or sheriff.
Al-Hakim's petition includes language indicating a high-degree of frustration over inaction, but his emotional state has most likely been caused by his lack of understanding of the procedure to get his case on track.