GROSS, J.
Kathalina Monacelli appeals a final judgment dissolving a marriage, awarding her $200 per month in alimony, and giving primary residential custody of the four minor children to the husband, Carlos Gonzalez, Jr.
This was a difficult case and the trial judge prepared a detailed and thoughtful final judgment. The wife did not supply this court with a transcript of the trial. “Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court’s judgment is not supported by the evidence or by an alternative theory.” Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). Absent a transcript of the final hearing, this court may reverse the decision “only if an error of law appears on the face of the final judgment.” Whelan v. Whelan, 736 So.2d 732, 733 (Fla. 4th DCA1999).
We write to address one issue. The wife argues that the trial court erred in awarding primary residential custody of the minor children to the husband, in spite of the husband’s history of domestic violence towards the wife. The final judgment indicates that the husband was on felony probation for hitting the wife with a frying pan.
The final judgment does not indicate that the domestic violence had any impact upon the children. No statute makes a felony conviction of domestic violence an absolute bar to being a primary residential parent. Section 61.13(2)(b)2., Florida Statutes (2003) provides that such a conviction creates a rebuttable presumption of detriment to the child:
[ejvidence that a parent has been convicted of a felony of the third degree or higher involving domestic violence ... creates a rebuttable presumption of detriment to the child. If the presumption is not rebutted, shared parental responsibility, including visitation, residence of the child, and decisions made regarding the child, may not be granted to the convicted parent.
Because it provides that the presumption of detriment to the children may be rebutted, section 61.13(2)(b)2., contradicts the wife’s claim that the husband’s felony conviction is an automatic, absolute bar to an award of primary residential custody. The trial court’s order supports the conclusion that the husband overcame the presumption of unfitness.
The final order presents a number of reasons that support the decision to award primary residential custody to the husband. The court found that: (1) the love, affection, and other emotional ties existing between the parents and children “appeared] to be significantly greater towards” the husband; (2) the husband had the greater capacity and disposition to provide the children with food, clothing, and medical care; (3) it was desirable to maintain continuity for the children in the “comparatively stable environment” in the home of their paternal grandmother; (4) the children preferred to be with their father; and (5) the Wife suffered from bipolar disorder, for which she had been Baker Acted on three occasions, and she refused to accept any treatment or medication for her illness.
AFFIRMED.
WARNER and SHAHOOD, JJ., concur.