PETERSON, J.
Martin Hogan petitions for a writ of mandamus to compel the trial court to rule on his action for declaratory and in-junctive relief. Hogan complains that the Department of Motor Vehicles, (“DMV”), is improperly requiring him to install an ignition lock on his car as a condition precedent to restoration of driving privileges that he lost following revocation of his license for driving under the influence.
In response to this court’s request for a response to Hogan’s petition, the DMV agreed that the trial court should rule on the sufficiency of Hogan’s pleadings. We would grant Hogan’s petition except for his failure to allege that he has sufficiently brought the case to the attention of the currently assigned judge by securing a hearing date before the court.[1] See, e.g., Perez v. Circuit Court for Osceola County, 882 So.2d 489 (Fla. 5th DCA 2004); Al-Hakim v. State, 783 So.2d 293, 294 (Fla. 5th DCA 2001).
Hopefully, our dismissal of Hogan’s petition without prejudice will encourage him to seek a hearing date from the currently assigned judge’s judicial assistant, who will undoubtedly grant his request for a definite time to present his arguments to the court.
PETITION DISMISSED.
GRIFFIN and PALMER, JJ., concur.

. We note that some confusion existed at the trial court level in determining how to treat Hogan’s convoluted pleadings, and that the action has been assigned and reassigned to several judges.