SHAHOOD, J.
Appellant, Joseph William Finfroek, a pro se litigant, appeals from an Order on Petition for Name Change of Adult. The trial court summarily denied the petition without providing appellant an opportunity to present evidence. We reverse and remand for an evidentiary hearing.
Section 68.07, Florida Statutes, states that a petition for name change must allege and show, among other things, that “the petitioner’s civil rights have never been suspended, or if the petitioner’s civil rights have been suspended, that full restoration of civil rights has occurred.” § 68.07(2)(k), Fla. Stat. (2005). If a petition for name change is facially sufficient, it should be granted so long as there is no evidence of a wrongful or fraudulent purpose. See Brown v. Name Change, 611 So.2d 1355 (Fla. 2d DCA 1993); see also Hoyos v. Singletary, 639 So.2d 631 (Fla. 4th DCA 1994) (holding that, because appellant’s petition was facially sufficient, he was entitled to an evidentiary hearing so that he could prove that his motivation for changing his name was without ulterior or illegal motive, a requirement of section 68.07(j), Florida Statutes).
Appellant’s petition tracks the statute and appears to be facially sufficient, although there is one discrepancy. He lists the dates of his various felony convictions and two appear to have occurred after 1995. In the same petition, however, he states that his civil rights have never been suspended and, if they have, they have been restored.
Section 944.292(1), Florida Statutes, states, “[u]pon conviction of a felony ... the civil rights of the person convicted shall be suspended in Florida until such rights are restored by a full pardon, conditional pardon, or restoration of civil rights granted pursuant to s. 8, Art. IV of the State Constitution.” The effective date of subsection (k) of section 68.07 was June 15, 1995. If the felonies for which a petitioner has been convicted occurred prior to that date, the subsection is inapplicable. See In re Name Change Petition of Mullin, 892 So.2d 1214 (Fla. 2d DCA 2005) (holding that subsection (k) did not apply in that case because the appellant’s felonies occurred prior to the effective date of subsection (k)).
The issue in this case is whether the trial court is required to hold an evidentia-ry hearing. In Gosby v. Third Judicial Circuit, 586 So.2d 1056, 1057 (Fla.1991), the Florida Supreme Court considered the denial of a petition for writ of mandamus seeking a ruling on a petition for name change. The court reversed the appellate court, which affirmed the denial of a ruling because appellant did not plead or prove that he could attend a hearing. The holding in Gosby was that the court could not require an inmate to attend a hearing but could accommodate him in other ways without simply denying the petition. The court did not expressly state that the trial court was obligated to hold a hearing and, in fact, stated in dicta that “[t]o determine whether the allegations in the name change petition are true, the trial court has discretion to order a hearing if the court chooses.” Id. at 1057. This court has held that, if the petition is facially sufficient, the trial court must conduct an evidentiary hearing. See McCallister v. State, 695 So.2d 856 (Fla. 4th DCA 1997) (reversing denial of petition for name change where petition was facially sufficient, but was summarily denied without an evidentiary hearing); see also In re Keppro, 573 So.2d *439 140 (Fla. 1st DCA 1991) (holding that it was error to summarily deny facially sufficient petition for name change without evi-dentiary hearing).
Because the state has not filed an appearance in this appeal, the facial sufficiency of appellant’s petition is not questioned. From the record before us on this appeal, however, it is not possible to verify appellant’s felony record or confirm whether his civil rights have ever been suspended or restored. Thus, it is unclear from this record whether subsection (k) applies and would preclude grant of appellant’s petition for name change. Under these circumstances, the trial court should not have summarily denied the petition without providing appellant the opportunity to present evidence on this issue. As in Gosby, the court in this case can conduct the hearing by telephone, as contemplated in rule 2.071, Florida Rules of Judicial Administration.
Based on the record before us and an examination of the petition, it appears that petitioner is currently incarcerated in the Florida State Prison System. Therefore, there is a possibility, indeed a probability, that his civil rights have been suspended and his petition, filed under oath, contains a false statement. If the trial court finds this to be the case, the court may consider bringing this fact to the attention of the State Attorney of the Nineteenth Judicial Circuit for possible perjury charges.

Reversed and Remanded for an Eviden-tiary Hearing.

KLEIN and TAYLOR, JJ., concur.