DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**THE NAME CHANGE OF: JAMES PATRIC WAGES, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-4844

[March 18, 2015]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Merrilee Ehrlich, Judge; L.T. Case No. FMCE13013773.

Brian S. Jacobson of Brian Jacobson Law, PL, Miami, for appellant.

No appearance for appellee.

WARNER, J.

We reverse the trial court's dismissal of appellant's amended petition for name change. The court thought the name change was being sought for a fraudulent purpose. Without holding an evidentiary hearing, the court could not dismiss this facially sufficient petition.

Wages was born in 1962 as James Solomon, the surname of his biological father and the name listed on his birth certificate. Shortly thereafter, Wages' mother requested a social security number for her son and registered his name as James Patric Wages, Jr., opting to use her husband's surname rather than that of the biological father. Wages has lived his life and established credit under the name of James Patric Wages, Jr. He has a criminal record under the name Wages. He also filed for bankruptcy under that name and holds a driver's license and commercial driver's license under that name.

In 2010, the Real ID Act[1] came into effect in Florida, requiring an individual seeking to renew a driver's license to provide a picture ID as well

---

[1] Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief, Pub. L. No. 109-13, Div. B, 119 Stat. 231, 302-23

as either a passport or birth certificate. Unable to get a passport, Wages encountered a problem renewing his license, because his birth certificate reflects the name Solomon while his license reflects the name Wages.

Wages filed a Petition for Name Change using the Florida Family Law Rules of Procedure form 12.982(a), requesting his name be changed to Solomon to match the name on his birth certificate. A hearing was held on the petition and it was denied, with the judge stating that she believed Wages intended to change his name for fraudulent purposes. The judge noted that Wages had filed for bankruptcy in 2006, and she felt that he was trying to defraud creditors by changing his name. She also cited that he was arrested in New York, and she believed he wanted to avoid his arrest record and credit report by changing his name.

Wages thereafter filed an Amended Petition for Name Change. This time he requested that the court change his name to James Patric Wages, Jr., so that he could contact the Department of Vital Statistics in New York and amend his birth certificate to show the name he has used his whole life. The court held a non-evidentiary hearing on the amended petition and again dismissed the petition, stating that Wages' motive for changing his name was fraudulent. Wages then filed a Notice of Appeal.

Section 68.07(3), Florida Statutes (2013), contains detailed requirements for a petition for name change. These include a short history of the person, including revealing any prior criminal history or bankruptcies. Wages' petition sufficiently pled all the requirements of the statute, and he revealed his bankruptcy as well as his prior conviction. His petition tracks the language of form 12.982(a), approved by the Florida Supreme Court. There seems to be no dispute that he made out the facial requirements for the name change. The court did not find any deficiencies in the application itself.

A petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose. *Hoyos v. Singletary*, 639 So. 2d 631, 631 (Fla. 4th DCA 1994). Moreover, where a petition is facially sufficient, the court must conduct an evidentiary hearing to prove that a petitioner's motivation for the name change is without ulterior motive or

---

(2005) [Real ID Act]. The federal REAL ID Act of 2005 set new standards for the issuance of driver licenses and identification cards. Florida began issuing Real ID compliant credentials after January 1, 2010. See http://www.flhsmv.gov/realid/

for a fraudulent purpose.  *Finfrock v. State*, 932 So. 2d 437, 438-39 (Fla. 4th DCA 2006).

As the petition was facially sufficient, the trial court should not have summarily denied it by concluding that Wages' purpose was fraudulent. Wages was entitled to offer evidence of his motivation for changing his name.  In fact, it is hard to understand how the amended petition was being made for a fraudulent purpose when Wages was attempting to change his name legally to the name he had used all of his life--the same name used in his criminal conviction for assault and his bankruptcy.  The court erred in summarily dismissing the amended petition.

*Reversed and remanded for further proceedings.*

CIKLIN and GERBER, JJ., concur.

*   *   *

**Not final until disposition of timely filed motion for rehearing.**