# Third District Court of Appeal

## State of Florida

Opinion filed September 2, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1458
Lower Tribunal No. 11-29025
_____


**James S. Harris,**
Petitioner,

vs.

**Anne Bates Leach Eye Institute, et al.**
Respondents.


An Appeal from the Circuit Court for Miami-Dade County, Sarah I. Zabel, Judge.

James S. Harris, in proper person.

Fowler White Burnett, P.A., and Marc J. Schleier and Christopher E. Knight, for respondents.


Before WELLS, ROTHENBERG and SCALES, JJ.

PER CURIAM.

Petitioner James S. Harris seeks leave of this Court to file a belated appeal of the trial court's August 29, 2012 order dismissing, with prejudice, Harris's medical malpractice complaint against the Respondents, Anne Bates Leach Eye Hospital of the University of Miami[1] and three individual doctors ( collectively, the "Hospital"). For the reasons stated below, we deny the petition.

**I. Facts.**

In September of 2011, Harris, an inmate at a State of Florida correctional facility, filed a civil rights action against Hospital. Essentially, Harris alleged that he lost eighty percent of the vision in his right eye, and a consequent diminishment of vision in his left eye, as a result of treatment by Hospital and a follow-up surgical procedure by Hospital on November 3, 2004. At that time, Harris was housed at a pre-detention center in Miami-Dade County.

Because Harris's claims raised federal questions, Hospital removed the case to federal court. After a series of procedural steps in the federal court, Harris's case was remanded to Miami-Dade Circuit Court, surviving as an action only for medical malpractice.

On August 29, 2012, the trial court rendered a final judgment by dismissing Harris's medical malpractice claims based upon the four-year statute of repose set forth in section 95.11(4)(b) of the Florida Statutes. Harris alleges in his

---

[1] Although this case, in part, is styled Anne Bates Leach Eye Institute, this Respondent's formal name is Anne Bates Leach Eye Hospital.

current petition that he never received a copy of the trial court's August 29, 2012 final judgment of dismissal.

About two and a half months after his claim was dismissed, with prejudice, Harris then sought the issuance of subpoenas for his medical records. When the trial court did not issue the sought-after subpoenas, Harris filed a petition for a writ of mandamus with this Court in September of 2013, seeking to compel the trial court to issue the subpoenas. We denied Harris's petition for a writ of mandamus. Harris v. Anne Bates Leach, No. 3D14-155 (Fla. 3d DCA April 14, 2014). It appears from the filings in this earlier mandamus case that Harris did become aware that the trial court had dismissed his malpractice action back in August of 2012.

On March 9, 2015, Harris filed a motion, pursuant to rule 1.540 of the Florida Rules of Civil Procedure, seeking to set aside the August 29, 2012 final judgment. In his motion, Harris argues that: (1) the dismissal should be set aside because Harris did not receive a copy of the August 29, 2012 order, and (2) the trial court misconstrued Florida's statute of repose for medical malpractice claims.

Without setting his rule 1.540 motion for hearing, and prior to any trial court consideration of this motion, Harris, on June 25, 2015, filed the instant petition seeking leave to file a belated appeal of the August 29, 2012 final judgment of dismissal.

3

**II. Conclusion.**

The procedural mechanism for seeking leave to file a belated appeal is set forth in rule 9.141(c) of the Rules of Appellate Procedure. A belated review is available only in criminal cases. Rule 9.141(c) does not apply in the civil arena, such as in the instant case which alleges medical malpractice. Lewis v. Days Inn Motel, 145 So. 3d 826 (Fla. 2014) (Table).

If Harris is seeking for us to treat his petition as a petition seeking mandamus relief (i.e., to compel the trial court to rule on Harris's rule 1.540 motion), we must deny such relief as well. Perez v. Circuit Court for Osceola Cnty., 882 So. 2d 489 (Fla. 5th DCA 2004) (holding that a writ of mandamus to compel a trial court to rule is improper when the petitioner has failed to bring his motion to the trial court's attention); see also Al-Hakim v. State, 783 So. 2d 293 (Fla. 5th DCA 2001).

Petition denied.