**IN RE the Name Change of
Evan James ZIMMER**

**No. 4D16–784**

District Court of Appeal of Florida,
Fourth District.

January 4, 2017

Evan James Zimmer, M.D., Pompano Beach, pro se.

No appellee.

Levine, J.

Appellant, Evan James Zimmer, petitioned to change his name to Simon James Templar.[1] Zimmer, in his petition, stated that he had prior misdemeanor convictions, had two outstanding judgments entered against him, and his civil rights were not suspended. Following an evidentiary hearing, the trial court denied Zimmer's request because of his "criminal history and unpaid creditor's judgments." Zimmer appealed.

We review a trial court's decision whether to permit a name change for abuse of discretion. *See Coolidge v. Ulbrich*, 733 So.2d 1092, 1094 (Fla. 4th DCA 1999).

Section 68.07, Florida Statutes (2015), sets forth the requirements for a petition for a change of name. "Ordinarily, a facially sufficient petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose." *Hoyos v. Singletary*, 639 So.2d 631, 631 (Fla. 4th DCA 1994). Where a trial court denies a facially sufficient petition, the factual basis for doing so must be set forth in its order. *Barton v. Cir. Ct. of Nineteenth Jud. Cir.*, 659 So.2d 1262, 1263 (Fla. 4th DCA 1995). For example, in *Barton*, the trial court stated it was denying a petition for a change of name because "the reason for the change was 'for an ulterior purpose.'" *Id.* This court noted that the court's order was insufficient.

Initially, Zimmer contends that there was no evidence he was seeking the change for an unlawful purpose. However, Zimmer fails to provide us with a sufficient record of the proceedings below.[2] Our review is therefore limited to errors appearing on the face of the final judgment. *See Monacelli v. Gonzalez*, 883 So.2d 361, 362 (Fla. 4th DCA 2004).

---

1. The change is apparently a homage to a popular fictional character featured on a television series from the sixties. Simon Templar was a "Robin Hood" character known as "The Saint" who was famously played by actor Roger Moore. The fictional character, Simon Templar, would leave "a stick figure of a man with a halo" as a "calling card" at the scene of his "crimes." *See generally The Saint (TV series)*, Wikipedia, https://en.wikipedia.org/wiki/The_Saint_(TV_series) (last visited Dec. 7, 2016); *Simon Templar*, Wikipedia, https://en.wikipedia.org/wiki/Simon_Templar (last visited Dec. 7, 2016).

2. Zimmer filed a statement of the evidence with this court as an appendix to his initial brief. However, Zimmer failed to comply with the requirements of Florida Rule of Appellate Procedure 9.200(b)(4) because he did not file the statement of the evidence "with the lower tribunal for settlement and approval" nor did the clerk of the lower tribunal include the statement of the evidence in the record.

This court gave Zimmer an opportunity to provide a statement of the evidence compliant with rule 9.200(b)(4) and relinquished jurisdiction for him to do so. Zimmer again failed to attain the lower court's approval and have the statement of the evidence included in the record.

█ Zimmer's petition was facially sufficient as it complied with section 68.07. The lower court denied the petition and failed to set forth its factual basis for doing so. Simply indicating Zimmer has prior convictions and is a judgment debtor does not establish that he is seeking the name change for an "ulterior or illegal purpose." § 68.07(3)(k), Fla. Stat. (2015); *see also Name Change of Wages v. State*, 160 So.3d 100, 101 (Fla. 4th DCA 2015) (explaining that a trial court may not summarily deny a facially sufficient petition for a change of name even where the petitioner had a criminal history and poor credit).

We therefore remand this case to the lower court. If on remand the court decides to deny Zimmer's petition, it must set out a factual basis for how the name change would further an "ulterior or illegal purpose."

*Reversed and remanded.*

Gerber and Klingensmith, JJ., concur.