IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

TRINA ROSS CASON, daughter
of alleged incapacitated person,

     Petitioner,

v.

MARY S. ROSS, alleged
incapacitated person, JAMES E.
WILLIAMS, JR., nephew of alleged
incapacitated person, and
BONNIE DIVITO, stipulated third
party professional guardian,

     Respondents.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4923

Opinion filed January 10, 2017.

Petition for Writ of Mandamus -- Original Jurisdiction.

Jennifer C. Lester of Salter Feiber, Gainesville; Shannon M. Miller of The Miller Elder Law Firm, Gainesville, for Petitioner.

No appearance for Respondents.

PER CURIAM.

     This petition for writ of mandamus seeks to compel the circuit court to render a decision and issue letters of guardianship. We previously denied relief by an unpublished order and now write to explain our reasoning.

In December 2015, petitioner filed a petition to determine incapacity and a petition for appointment of guardian for an alleged incapacitated person ("AIP"). Hearings in the matter were held in March, April, and June 2016.

On August 29, 2016, the circuit court issued an Order Determining Partial Incapacity. On September 8, 2016, petitioner filed a motion for rehearing stating that the Order Determining Partial Incapacity had limited the AIP's ability to make certain decisions, but no order appointing a limited guardian or letters of guardianship was entered. On October 5, 2016, the circuit court entered an order granting the motion for rehearing and vacating the Order Determining Partial Incapacity. On the same date, the circuit court issued an order setting a non-jury trial for January 4, 2017, before the successor judge in the division.

This petition for writ of mandamus asserts that circuit court had a clear, ministerial duty and responsibility to protect the AIP's rights by appointing a guardian to protect the AIP. Jasser v. Saadeh, 97 So. 3d 241 (Fla. 4th DCA 2012) ("If a person is incompetent, it is the duty of the court to assure that person's protection and his or her autonomy is respected to the greatest extent possible."). Petitioner asserted that the circuit court was required to issue letters of guardianship. See § 744.345, Fla. Stat. (2015).

"In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty

to perform the requested action, and the petitioner must have no other adequate remedy available." Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000). Although we are concerned that the AIP has not been appointed a guardian for certain matters, other than complaining about the delay, petitioner pointed to no authority for the proposition that the circuit court has a time deadline to issue an order appointing a guardian. It appeared that the trial judge determined that he could not enter an order on the guardianship matter before his time in the division ended. There is no showing that petitioner made an express request that the trial court enter a new order that appointed a guardian for the AIP. Absent a showing that an express and distinct demand for performance of this sort has been made, mandamus will not lie. See Thomas v. State, Dept. of Revenue, 74 So. 3d 145 (Fla. 1st DCA 2011); Al-Hakim v. State, 783 So. 2d 293 (Fla. 5th DCA 2001).

WOLF, B.L. THOMAS, and KELSEY, JJ., CONCUR.

3