DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RAUL MEDINA, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-3891

[January 20, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael I. Rothschild, Judge; L.T. Case No. FMCE 19-011212 (44).

Raul Medina, Jr., Hollywood, pro se.

Ashley Moody, Attorney General, and William H. Stafford III, Senior Assistant Attorney General, Tallahassee, for appellee.

NUTT, JAMES, Associate Judge.

Appellant challenges the trial court's denial of a petition to change his name to Raoul Medina Sir Bey. Because the trial court failed to set forth a proper factual basis for denying the petition in its order, we reverse.

In his petition, Appellant disclosed that he had a criminal history and that, in 1997, he had been given a ten-year prison sentence. The petition also included a preprinted statement affirming that Appellant's civil rights were either not suspended or had been restored. After a final hearing, the petition was denied because of Appellant's "multiple convictions for 1st degree felonies" and, presumably therefore, "[i]t would be against public policy to permit the name change."

Our review is for an abuse of discretion. *See In re Zimmer*, 207 So. 3d 1006, 1007 (Fla. 4th DCA 2017). Because there is no transcript of the final hearing, our review is also limited to errors appearing on the face of the trial court's order. *See Monacelli v. Gonzalez*, 883 So. 2d 361, 362 (Fla. 4th DCA 2004).

The requirements for a sufficient name change petition are plainly set forth by statute. *See* § 68.07, Fla. Stat. (2019). "Ordinarily, a facially sufficient petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose." *Hoyos v. Singletary*, 639 So. 2d 631, 631 (Fla. 4th DCA 1994). Thus, when a facially sufficient petition is denied, the trial court must set forth a proper factual basis for doing so in its order. *In re Zimmer*, 207 So. 3d at 1007; *Barton v. Cir. Ct. of Nineteenth Jud. Cir.*, 659 So. 2d 1262, 1263 (Fla. 4th DCA 1995).

Applying these standards, the trial court erred in denying the facially sufficient petition without providing a proper factual basis for determining whether the name change was sought for a wrongful or fraudulent purpose or otherwise would have been inconsistent with the law. Merely indicating that Appellant had a criminal history is not a proper basis for denying the petition. In *Zimmer*, for example, it was found to be an abuse of discretion to deny a name change simply because of the petitioner's "criminal history and unpaid creditor's judgments." 207 So. 3d at 1007 (holding that "[s]imply indicating [the petitioner] has prior convictions and is a judgment debtor does not establish that he is seeking the name change for an 'ulterior or illegal purpose'"); *see also Barton*, 659 So. 2d at 1263 (trial court abused its discretion in finding the name change was sought "for an ulterior purpose" without providing a factual basis for concluding that the purpose was wrongful or fraudulent). Like the trial courts in *Zimmer* and *Barton*, the trial court in this case failed to provide the required grounds for denial. The trial court also applied an improper, generalized "against the public interest" test.

We therefore reverse and remand to the lower court for further proceedings consistent with this opinion. If the petition is to be denied, the lower court must set forth a factual basis for concluding the name change would further a wrongful or fraudulent purpose or otherwise be inconsistent with the law.

*Reversed and remanded.*

GERBER and KLINGENSMITH, JJ., concur.

\*　　\*　　\*

***Not final until disposition of timely filed motion for rehearing.***