892 So.2d 1214 (2005)
In re NAME CHANGE PETITION OF Bryan Patrick MULLIN, a/k/a Patrick Bryan Mullin.
No. 2D04-2313.
District Court of Appeal of Florida, Second District.
February 11, 2005.
Bryan Patrick Mullin, pro se.
KELLY, Judge.
Bryan Patrick Mullin, an inmate at Avon Park Correctional Institution, appeals the circuit court order denying his petition for change of name. We reverse.
Mullin filed a petition to change his name to Eliezer Ben Mizrachi. The petition alleged that Mullin was convicted of a felony in 1980, that he seeks to change his name in accordance with his religious beliefs, and that he has no illegal or ulterior motive in seeking such a name change. After a telephonic hearing, the trial court, citing section 68.07, Florida Statutes (2003), denied Mullin's petition, finding that under the statute a petition for name change must be denied if the petitioner is a convicted felon and has not had his civil rights restored.
A facially sufficient petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose. Isom v. Circuit Court of the Tenth Judicial Circuit, 437 So.2d 732 (Fla. 2d DCA 1983). Section 68.07(2)(a)-(k) sets forth the information that a petition for a change of name must include to be facially sufficient. At issue here is paragraph (k), which requires a petitioner *1215 to state that his "civil rights have never been suspended, or if the petitioner's civil rights have been suspended, that full restoration of civil rights has occurred." Paragraph (k) became effective June 15, 1995. Ch. 95-283, § 1, at 2652, Laws of Fla. Mullin contends that denying his petition was error because his felony conviction occurred before the effective date of paragraph (k) and thus that paragraph does not apply to him. We agree.
A law is presumed to operate prospectively absent a clear legislative expression requiring that the statute be retroactively applied. Promontory Enters., Inc. v. S. Eng'g & Contracting, Inc., 864 So.2d 479, 483 (Fla. 5th DCA 2004). Furthermore, the inclusion of an effective date in a statute by the legislature "effectively rebuts any argument that retroactive application of the law was intended." Dep't of Revenue v. Zuckerman-Vernon Corp., 354 So.2d 353, 358 (Fla.1977). There is no indication that the amendment adding paragraph (k) should be applied retroactively. Because Mullin's felony conviction occurred in 1980, before the effective date of paragraph (k), the trial court erred when it retroactively applied that section to Mullin's petition. See Middlebrooks v. Dep't of State, Div. of Licensing, 565 So.2d 727 (Fla. 1st DCA 1990) (holding that in the absence of any indication that legislation was to apply retroactively, an amendment prohibiting a convicted felon who had not had his civil rights restored from receiving a gun license could not be applied to felony convictions occurring before the effective date of that amendment).
Accordingly, we reverse the order denying Mullin's petition and remand for further proceedings.
Reversed and remanded.
VILLANTI, J., Concurs.
CASANUEVA, J., Concurs with opinion.
CASANUEVA, Judge, Concurring.
I fully concur with the court's opinion. I write to express an underlying concern that section 68.07(2)(k), Florida Statutes (2003), may violate the Free Exercise Clause of the First Amendment to the Constitution of the United States, its counterpart in article I, section 3, of the Florida Constitution, the federal Religious Land Use and Institutionalized Persons Act (RLUIPA),[1] or all of the above.
Prior to the 1995 bill that added paragraph (k), the requirements of a petition to change name set forth in this section were of an informational or demographic nature. The informational content of the petition worked in conjunction with the requirement of section 68.07(5) that the Florida Department of Law Enforcement be provided *1216 a copy of the final judgment of name change in those instances where the petitioner was a convicted felon. This information would permit the Department to advise a potential employer whether the job applicant possessed a criminal record under another name. Since 1995, however, paragraph (k) arguably requires a petitioner for a name change to verify that the petitioner is currently in possession of his or her civil rights.
If this precondition were considered a substantive requirement, i.e, that only persons who enjoy the full panoply of civil rights may legally change their name, rather than merely an informational or demographic requirement for pleading purposes, it would place the constitutionality of the paragraph at risk if a religious reason motivates the petitioner. Experience has shown that many of our state's prison inmates file petitions to change their name. Most often, the petition for name change contains the assertion that the basis for name change is the petitioner's present religious belief. But inmates seeking name changes would have their petitions denied because they are not possessed of their civil rights, if paragraph (k) were deemed a substantive prerequisite rather than a pleading/informational requirement.
The First Amendment, like its Florida counterpart, contains two clauses: the Establishment Clause and the Free Exercise Clause. It is the Free Exercise Clause's protection that may be triggered here  that no law shall prohibit the free exercise of a person's religion. The protections afforded by the Free Exercise Clause "pertain if the law at issue discriminates against some or all religious beliefs or regulates or prohibits conduct because it is undertaken for religious reasons." Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah, 508 U.S. 520, 532, 113 S.Ct. 2217, 124 L.Ed.2d 472 (1993).
When Congress enacted RLUIPA, it mandated that strict scrutiny be applied to the government's actions when those actions substantially burden the religious exercise of institutionalized persons. Benning v. Ga. Dep't of Corrections, 391 F.3d 1299, 1306 (11th Cir.2004) (observing again that RLUIPA "reanimate[d] the strict scrutiny long applied to the states in disputes regarding the free exercise of religion"). A person's exercise of religion is "substantially burdened" if a regulation or statute completely prevents the individual from engaging in a religiously mandated activity. See Cheffer v. Reno, 55 F.3d 1517, 1522 (11th Cir.1995). Thus, a strong argument can be presented that paragraph (k) would be unconstitutional if it operated to prevent Mr. Mullin or other inmates from changing their names for religious reasons.
Because the 1995 amendment places paragraph (k), and perhaps the balance of section 68.07(2), at risk of being held unconstitutional, it may be worthwhile for our legislature to consider its operation and take such action as it deems appropriate.
NOTES
[1] The relevant portion of this section of RLUIPA, 42 U.S.C. § 2000cc-1, titled "Protection of religious exercise of institutionalized persons," provides:

(a) General rule
No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person 
(1) is in furtherance of a compelling governmental interest; and
(2) is the least restrictive means of furthering that compelling governmental interest.
(b) Scope of application
This section applies in any case in which 
(1) the substantial burden is imposed in a program or activity that receives Federal financial assistance; or
(2) the substantial burden affects, or removal of that substantial burden would affect, commerce with foreign nations, among the several States, or with Indian tribes.