# Third District Court of Appeal

**State of Florida**

Opinion filed June 13, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1502
Lower Tribunal No. 16-22209
_____

**In Re: The Name Change of Maria Fernanda Benitez,**
Appellant.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Sandy T. Fox; Cynthia L. Greene, for appellant.

Before ROTHENBERG, C.J., and SALTER and SCALES, JJ.

SALTER, J.

Maria Fernanda Benitez ("Ms. Benitez"), as the mother of a three-year-old child ("W.M.B."), appeals a circuit court order denying her petition to change W.M.B.'s first name. The issue presented apparently is one of first impression in Florida: may the court dispense with the statutory requirement that process be

served on (or constructive notice given to, in the case of a nonresident) a father, whose identity is known to the mother but whose name is not on the child's birth certificate, and who has not been adjudicated to be the father? We affirm in part, and reverse in part, the trial court's resolution of this issue.[1]

The trial court concluded that it lacked the authority to grant the petition in this case because of Ms. Benitez's failure or refusal to obtain the father's consent and to serve him, or to provide constructive notice to him if the father is a nonresident. Though Ms. Benitez and her counsel make a persuasive argument, we are constrained to agree that the trial court's application of the law was correct in all but one minor respect. We affirm the denial of the amended petition for name change, but with a copy of this opinion to the Chief of Legislative Affairs, Office of the State Courts Administrator, for consideration during the annual statutory clarification cycle.

The Petition, Amended Petition, and Procedural History

The verified petition and amended verified petition to change W.M.B.'s name referred to the controlling statute (section 68.07, Florida Statutes (2016)) and, for the most part, tracked the allegations specified in the statute. Information responsive to two subsections of the statute, however, was not provided by Ms. Benitez:

---

[1] For reasons which will become obvious, there is no appellee in this case.

2

(3) Each petition shall be verified and show:

\* \* \*

(b) If known, the date and place of birth of the petitioner, the petitioner's father's name, the petitioner's mother's maiden name, and where the petitioner has resided since birth.

\* \* \*

(8) When only one parent petitions for a change of name of a minor child, process shall be served on the other parent and proof of such service shall be filed in the cause; however, if the other parent is a nonresident, constructive notice of the petition may be given pursuant to chapter 49, and proof of publication shall be filed in the cause without the necessity of recordation.

§ 68.07(3),(8), Fla. Stat. (2017).

A copy of W.M.B.'s birth certificate was filed, substantiating the child's date of birth and Ms. Benitez's allegations that, "The minor child's mother has never been married. The minor child's father is not listed on the minor child's birth certificate." For purposes of "date and place of birth," as required in subsection 68.07(3)(b), the amended petition treated W.M.B. as the "petitioner" seeking the name change. The "petitioner's father's name," also required by that subsection ("if known") was not supplied, however, either as to W.M.B. or Ms. Benitez.

As to subsection 68.07(8), there was and is nothing in the record establishing service on the "other parent" or, alternatively, "constructive notice" of the petition

3

to the father pursuant to Chapter 49, Florida Statutes (2016), together with a sworn allegation that he is a nonresident.

The amended petition was heard by the trial court with Ms. Benitez and her counsel present. At that hearing, Ms. Benitez testified that she knew the identity of the father of W.M.B., and that paternity had not been sought or established. The trial court deferred ruling on the petition, determining that:

> The Biological Father's ["known to the Mother"] name is not listed on the minor child's birth certificate and paternity has not been established as a matter of law. Consent of the Father shall be obtained in accordance with Florida law, or he can be served with process [and] the Court will conduct further proceedings.

Ms. Benitez moved for reconsideration, contending that subsection 744.301(1), Florida Statutes (2016), confers exclusive and sole authority on her as "natural guardian of the child," to obtain the name change adjudication without serving, notifying, or otherwise involving the biological father in the proceeding. That subsubsection provides, in pertinent part:

> (1) The parents jointly are the natural guardians of their own children and of their adopted children, during minority, unless the parents' parental rights have been terminated pursuant to chapter 39. . . . The mother of a child born out of wedlock is the natural guardian of the child and is entitled to primary residential care and custody of the child unless the court enters an order stating otherwise.

Ms. Benitez also relied on several appellate decisions addressing the lack of standing, including denial of status as a guardian of the child, of an unmarried biological father who has neither admitted to paternity nor demonstrated the

4

"settled purpose to be a father,"[2] or that "he has maintained a substantial concern for the welfare of his illegitimate child."[3]

These arguments and authorities proved unpersuasive to the trial court, which entered a final order denying the amended petition for name change, based on the fact that Ms. Benitez "testified in open court that she knows who the father is and refuses to attempt to find and serve him in accordance with Florida law." The final order "finds that the consent of the known biological father is required as a matter of law **and** the Mother is required to serve the known biological father with process in accordance with Florida law." (Emphasis provided). This appeal followed.

Analysis

The "interpretation of a statute is a purely legal matter and therefore subject to the de novo standard of review." Kasischke v. State, 991 So. 2d 803, 807 (Fla. 2008). "A facially sufficient petition for name change should be granted in the absence of evidence of a wrongful or fraudulent purpose." In re Name Change Petition of Mullin, 892 So. 2d 1214, 1214 (Fla. 2d DCA 2005) (internal citation omitted).

---

[2] Stewart v. Walker, 5 So. 3d 746, 749 (Fla. 4th DCA 2009).

[3] Kendrick v. Everheart, 390 So. 2d 53, 60 (Fla. 1980). We note in passing the increasingly-disfavored use of the term "illegitimate child." See Solangel Maldonado, *Illegitimate Harm: Law, Stigma, and Discrimination Against Nonmarital Children*, 63 FLA. L. REV. 345 (2011).

5

The problem in the present case is obvious—the identity of W.M.B.'s father is known to Ms. Benitez, but she has not complied with the unambiguous requirements of section 68.07. It was not for the trial court, and is not for this Court, to speculate regarding her reasons for wanting to avoid serving or constructively notifying the father of W.M.B., or for not revealing his name as specified in subsection 68.07(3)(b).[4]

W.M.B.'s known father may or may not have provided support or otherwise demonstrated a substantial concern for the welfare of his child, but he has not been afforded any opportunity to be heard on that question. He may not have been adjudicated to be the father, but on this record it is also clear that he has not been adjudicated **not** to be the father. The father's, Ms. Benitez's, and W.M.B.'s rights to commence a paternity action are not limited by statute until four years have elapsed from W.M.B.'s attainment of her majority. § 95.11(3)(b), Fla Stat. (2018); see also, Rose v. Sonson, 208 So. 3d 136 (Fla. 3d DCA 2016).

---

[4] Ms. Benitez properly provided other information required by the statute as though W.M.B. is the "petitioner," and of course it is W.M.B.'s name that is sought to be changed. It seems apparent that the requirement in subsection 68.07(3)(b), requiring that the petition show, "if known," the petitioner's father's name, would apply to W.M.B.'s father's name. In one sense, Ms. Benitez was the "petitioner" on behalf of her child, yet it makes little sense for her to be required to provide **her** father's name when she is not petitioning to change her own name. As the trial court and Ms. Benitez did not specifically address this point, however, we only raise it so that the Office of Legislative Affairs can consider that provision as well as the service/constructive notice requirement.

For these reasons, we affirm the trial court's denial of the amended petition for name change. We reverse the final order to the extent that it concluded the known father's consent **and** service of the petition or constructive notice would be required; the trial court's first ruling was correct that either consent **or** compliance with section 68.07(8) service (or constructive notice, if the father is a nonresident) is required by the statute.[5]

Affirmed in part, and reversed only to the extent noted above. The Clerk of this Court is directed to serve a copy of this opinion on the Office of Legislative Affairs, Office of State Courts Administrator, Tallahassee.

---

[5] An unmarried father's objections to the name change might, for example, be overruled by the trial court on the basis of particular evidence presented (and not now before us).