# Third District Court of Appeal

## State of Florida

Opinion filed January 23, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-297
Lower Tribunal No. 14-455
_____

**Camille Lee, etc.,**
Appellant,

vs.

**Nicole Lee,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jerald Bagley, Judge.

Cobiella Law Firm, P.A., and Lorenzo Cobiella, Mercy Londono and Thomas Fossler, for appellant.

Jorge L. Gonzalez, P.A., and Jorge L. Gonzalez, for appellee.

Before LOGUE and SCALES, JJ., and LAGOA, Associate Judge.

SCALES, J.

Appellant Camille Lee, the personal representative of the Estate of Andre Lee,

appeals a trial court order that strikes a previously filed disclaimer, whereby appellee

Nicole Lee disclaimed her interest in the decedent's estate. We reverse because the probate court improperly determined both that the disclaimer was legally insufficient and was somehow violative of Florida's statute of frauds.

## I. Facts

Andre Lee died intestate and was survived by his three children: appellant Camille Lee, Bruce Lee, and appellee Nicole Lee. The estate was composed of two principal assets: (i) real property located in Miami, and (ii) settlement proceeds from a wrongful death claim.

On July 14, 2014, the probate court issued an order appointing Camille Lee as the personal representative of Andre Lee's estate and also issued the letters of administration for the estate. The record reflects that on July 8, 2014, prior to Camille Lee's appointment, Nicole Lee executed a document prepared by Camille Lee's attorney, styled "Disclaimer of Interest in Property of Estate." Nicole Lee's signature on this disclaimer was witnessed by two persons and notarized. The disclaimer reads as follows:

> I, Nicole Lee, residing at 15711 SW 137 Avenue, Apartment 205, Miami, Florida, 33157, hereby irrevocably disclaim all right, title, and interest, current or prospective in or to the property described below, to which I am a beneficiary from the estate of Andre Lee, the creator of the interest,
>
> All Estate assets
>
> I acquired knowledge of the interest in the property on January 6, 2014, and this disclaimer is filed within a reasonable time thereafter.

2

Subsequently, on December 11, 2014, Camille Lee filed a petition for discharge seeking distribution of the estate's assets. On April 9, 2015, Camille Lee filed the disclaimer with the probate court, and the probate court, on the same day, entered an order granting the distribution of assets.

Approximately a year later, on May 24, 2016, Nicole Lee filed an objection to the petition for discharge, arguing that the disclaimer she had signed and delivered to the personal representative of the estate was deficient. The probate court held a hearing on August 22, 2017, which continued on November 15, 2017, and ultimately determined that the disclaimer was both legally insufficient under section 739.104(3) of the Florida Statutes and violative of the statute of frauds because the disclaimer did not specifically identify the real property being disclaimed. The probate court then denied Camille Lee's amended petition for distribution and discharge as it related to the estate's real property, and denied Camille Lee's motion for rehearing.

Camille Lee, as personal representative, timely appealed this order. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.170(b)(15).

**II. Analysis[1]**

The Florida legislature has codified the requirements for disclaimer of property in chapter 739, the Florida Uniform Disclaimer of Property Interests Act. Pursuant to section 739.104 of the Florida Statues, a person may disclaim any interest in or power over any property or power of appointment. Unless otherwise stated, a disclaimer filed under chapter 739 is unconditional. § 739.104(1), Fla. Stat. (2014).

In order for a disclaimer to be effective, a disclaimer must: (i) be in writing, (ii) declare that the writing is a disclaimer, (iii) describe the interest or power disclaimed, (iv) be signed by the person making the disclaimer, (v) be witnessed and acknowledged in the manner provided for by deeds of real estate, and (vi) be delivered in the manner provided in section 739.301 of the Florida Statutes.[2] § 739.104(3), Fla. Stat. (2014).

Section 739.601 provides additional requirements if the disclaimer is to be recorded, thus providing constructive notice to anyone conducting a title search that might involve real property that has been disclaimed. See § 739.601(1) - (2), Fla.

---

[1] Because we are called on to review a pure question of law (i.e., the probate court's determination that the subject disclaimer is legally insufficient), our review is *de novo*. In Re Benitez, 250 So. 3d 153, 155 (Fla. 3d DCA 2018).

[2] "In the case of a disclaimer of an interest created under the law of intestate succession . . . [t]he disclaimer must be delivered to the personal representative of the decedent's estate." § 739.301(2)(a), Fla. Stat. (2014).

Stat. (2014). This statute provides that a disclaimer "relating to real estate does not provide constructive notice to all persons unless the disclaimer contains a legal description of the real estate to which the disclaimer relates and unless the disclaimer is filed for recording in the office of the clerk of the court in the county . . . where the real estate is located." § 739.601(1), Fla. Stat. (2014). The statute further provides as follows: "An effective disclaimer meeting the requirements of subsection (1) constitutes constructive notice to all persons from the time of filing. *Failure to record the disclaimer does not affect its validity as between the disclaimant and persons to whom the property interest or power passes by reason of the disclaimer*." § 739.601(2), Fla. Stat. (2014) (emphasis added).

Hence, if the disclaimer is to be recorded to provide constructive notice, then the disclaimer must contain a legal description of the real property. It is clear, though, from subsection (2) of this statute, that a non-recorded disclaimer is valid as between the disclaimant and the person to whom the property passes by reason of the disclaimer, regardless of whether the disclaimer includes a description of the real property. If the legislature had intended for *all* disclaimers of real property, whether recorded or not, to contain a legal description, there would have been no need in section 739.601(1) to include a requirement of a legal description for disclaimers that would be recorded.

The instant disclaimer meets each statutory requirement found in section 739.104(3). While the absence of a legal description of the subject property renders the disclaimer incapable of recordation under section 739.601, the lack of a legal description does not otherwise affect its validity.

Finally, we note that the trial court summarily determined that the disclaimer did not meet the requirements of the statute of frauds, section 725.01 of the Florida Statutes.[3] Even if Florida's statute of frauds were to apply to disclaimers of real property governed by chapter 739, the subject disclaimer is in writing and signed by Nicole Lee – i.e., "the party to be charged therewith." Id. Therefore, the disclaimer appears to meet the statute's requirements.

## III. Conclusion

Nicole Lee's disclaimer foregoing any interest in her father's estate assets met the statutory requisites of section 739.104(3); and, even if the statute of frauds is applicable to such disclaimers, Nicole Lee's disclaimer appears to meet the statute's

---

[3] Florida's statute of frauds provides in pertinent part:

> No action shall be brought . . . upon any contract for the sales of lands . . . or of any uncertain interest in or concerning them . . . or upon any agreement that is not to be performed within the space of 1 year from the making thereof . . . unless the agreement or promise upon which such action shall be brought, or some note or memorandum thereof shall be in writing and signed by the party to be charged therewith or by some other person by her or him thereunto lawfully authorized.

§ 725.01, Fla. Stat. (2014).

requirements that the agreement or promise be in writing and signed by the party against whom the writing is proffered. We reverse the order on appeal and remand for proceedings consistent with this opinion.

Reversed and remanded.