# STATE OF MINNESOTA
# IN COURT OF APPEALS
# A24-1388

In re the SUPERVISED Estate of Lori Jean Bogren, Deceased.

**Filed April 28, 2025**
**Reversed and remanded**
**Worke, Judge**

Hennepin County District Court
File No. 27-PA-PR-22-1596

Bradley A. Kletscher, Tyler W. Eubank, Barna, Guzy & Steffen, Ltd., Minneapolis, Minnesota (for appellant Thomas F. Bogren, Jr.)

Terri A. Melcher, Fridley, Minnesota (for respondent Thomas F. Bogren, Sr.)

Considered and decided by Connolly, Presiding Judge; Worke, Judge; and Wheelock, Judge.

## SYLLABUS

1.	Under Minnesota Statutes section 524.2-1107(c) (2024), a disclaimer "describe[s] the interest . . . disclaimed" when it conveys sufficient information to impart an idea or impression of the interest's qualities, peculiarities, or distinctive traits.

2.	Because of the flexibility of what constitutes an adequate description of an interest being disclaimed under section 524.2-1107(c), a disclaimer is not automatically defective if it does not state the value of the interest disclaimed.

## OPINION

**WORKE**, Judge

In this probate dispute, appellant contests a district court's decision to void a disclaimer that did not state the value of the interest disclaimed. Because we conclude that Minn. Stat. § 524.2-1107(c) does not require a disclaimer to state the value of the interest disclaimed, we reverse and remand for proceedings consistent with this opinion.

## FACTS

Appellant Thomas F. Bogren, Jr. (son), and his sister, decedent Lori Jean Bogren (daughter), are the children of respondent Thomas Bogren, Sr. (father). In April 2022, daughter died intestate with no surviving spouse or children, and with father as her only surviving parent and son as her only surviving sibling. From daughter's estate, father inherited daughter's interest in a promissory note. The value of the interest was $293,899.

In October 2022, son visited father's home and asked him to sign a disclaimer regarding his interest in the promissory note, and father did so. The document read as follows:

> I, [father] ("Disclaimant"), irrevocably and without qualification renounce, release, decline, disclaim and refuse to accept any and all rights or interests in and to the following specifically described property or property rights (the "Disclaimed Property") (For real estate use legal description and attach Schedule, if necessary): <u>All right, title and interest in the Promissory Note originally payable from SNDB Investments, LLC. to Mabel Makowsky and assigned to [daughter] pursuant to the private agreement among the successors of the Mabel Makowsky Estate.</u>

2

In February 2023, father moved to revoke the disclaimer, asserting that he "did not understand the nature of the document [he] was signing" or "the value of what [he] was Disclaiming," and therefore, the disclaimer should "be null and void."  A referee agreed and recommended an order to invalidate the disclaimer.  The district court adopted the referee's recommendation and filed an order accordingly.

This appeal followed.

**ISSUE**

Does Minnesota Statutes section 524.2-1107(c) require a disclaimer to state the value of the interest disclaimed?

**ANALYSIS**

Son argues that the district court erred by determining that the disclaimer was invalid because Minn. Stat. § 524.2-1107(c) does not require a disclaimer to state the value of the interest disclaimed.  Father argues that, because a disclaimer requires a description of the interest being disclaimed, son was obligated to include the value of the interest in the document.

Before we address the parties' arguments, we first outline the legal requirements for disclaimers in Minnesota.  The Minnesota Uniform Disclaimer of Property Interests Act (the Act) governs disclaimers under state probate law.  *See* Minn. Stat. §§ 524.2-1101 to -1116 (2024).  Under the Act, a "disclaimer" is a "refusal to accept an interest in or power over property."  Minn. Stat. § 524.2-1102(5).  The Act requires disclaimers to have certain essential elements:  "[A] disclaimer must be in writing, declare the writing as a disclaimer, *describe the interest or power disclaimed*, and be signed by the person or fiduciary making

3

the disclaimer." Minn. Stat. § 524.2-1107(c) (emphasis added). Disclaimers must be "acknowledged in the manner provided for deeds of real estate to be recorded in this state" and comply with the delivery and filing requirements under Minn. Stat. § 524.2-1114. *Id.*

When the legislature passed the Act, it substantially adopted the Uniform Disclaimer of Property Interests Act (1999). *See* Unif. Disclaimer of Prop. Interests Acts (Unif. L. Comm'n 2002). The authors of the uniform act designed it "to allow every sort of disclaimer, including those that are useful for tax planning purposes," noting that "[b]ecause a disclaimer is a refusal to accept, the only bar to a disclaimer should be acceptance of the offer." *Id.*, prefatory note. Among the uniform-act provisions that the legislature adopted was the definition of a "disclaimer," *see id.* § 2(3), and the requirement that disclaimers "describe the interest or power disclaimed," *see id.* § 5(c).

Here, because the parties dispute whether a disclaimer must state the precise value of the interest being disclaimed, this case centers on the scope of the word "describe" under Minn. Stat. § 524.2-1107(c). Because the statute does not define the word "describe," this dispute presents a question of statutory interpretation. And because Minnesota appellate courts have not previously interpreted that term under the statute, the parties present an issue of first impression.

"The interpretation of a statute is a question of law that [appellate courts] review de novo." *Cocchiarella v. Driggs*, 884 N.W.2d 621, 624 (Minn. 2016). "The object of all interpretation and construction of laws is to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn. Stat. § 645.16 (2024). The first step in statutory interpretation is to determine

4

"whether the statute's language is ambiguous." *State v. Riggs*, 865 N.W.2d 679, 682 (Minn. 2015). "A statute is ambiguous when its language is subject to more than one reasonable interpretation." *Id.* "If a statute is unambiguous, we apply the statute's plain [and ordinary] meaning." *State v. Powers*, 962 N.W.2d 853, 858 (Minn. 2021). "When the words are not defined in the statute, we may look to dictionary definitions to determine a term's plain and ordinary meaning." *Id.* (quotation omitted). If a statute is ambiguous, we may proceed to consider "the occasion and necessity for the law," "the consequences of a particular interpretation," and legislative history, among other factors. Minn. Stat. § 645.16 (2024).

Here, neither the Act's definition statute nor the general definition statute in the Minnesota Uniform Probate Code define the word "describe." *See* Minn. Stat. §§ 524.1-201 (2024), .2-1102. Therefore, we employ dictionary definitions to determine its plain and ordinary meaning. *See Powers*, 962 N.W.2d at 858. Dictionary definitions of "describe" include "[t]o convey an idea or impression of; characterize," or "[t]o trace the form or outline of." *The American Heritage Dictionary of the English Language* 490 (5th ed. 2018). To "convey" means "[t]o communicate or make known; impart." *Id.* at 402. To "characterize" means "[t]o describe the qualities or peculiarities" of something or "[t]o be a distinctive trait or mark." *Id.* at 312. And "trace" means "[e]vidence or an indication of the . . . existence of something." *Id.* at 1839.

Taking these definitions into account, we conclude that the word "describe," as used in Minn. Stat. § 524.2-1107(c), is unambiguous: it provides a flexible framework for a disclaimer to convey sufficient information to impart an idea or impression of an interest's

5

qualities, peculiarities, or distinctive traits. Given the multitude of things that a description might include, we decline to adopt a position that—as a matter of law—a description must include specific information about the value of the interest at issue.[1]

Our definition is consistent with decisions in other states that have enacted the same language from the uniform act. *See* Minn. Stat. § 645.22 (2024) ("Laws uniform with those of other states shall be interpreted and construed to effect their general purpose to make uniform the laws of those states which enact them."). In Indiana, for example, an appellate court dealt with a case in which a party disclaimed his interest in a life insurance policy. *In re Est. of Highfill*, 839 N.E.2d 218, 222-23 (Ind. Ct. App. 2005). The disclaimer described the interest as: "INWOOD OFFICE FURNITURE GROUP UNIVERSAL LIFE INSURANCE CERTIFICATE # 0088655." *Id.* at 223. On appeal, the party argued that the disclaimer was invalid because it did "not include the value of the policy," and therefore, did not adequately "describe the interest . . . disclaimed" under "[Ind. Code] § 32-17.5-3-3(b)." *Id.* at 222-23. The court disagreed, concluding that "the disclaimer adequately identified what [the party] was disclaiming" because "[t]he description . . . was sufficient for [the party], if he had chosen to do so, to determine the amount of the policy." *Id.*; *see also Lee v. Lee*, 263 So.3d 826, 827-28 (Fla. Dist. Ct. App. 2019) (determining that

---

[1] In addition to his argument about value, son also argues that because a disclaimer must only describe an "interest," it does not need to describe "property." *See* Minn. Stat. § 524.2-1107(c). We are unpersuaded. A "disclaimer" is a "refusal to accept an interest in . . . *property*." Minn. Stat. § 524.2-1102(5) (emphasis added). Because an important identifying feature of "an interest in . . . property" *is* the property to which the interest relates, a disclaimer must include sufficient information to adequately identify the property in question.

6

a disclaimer in which a party gave up "right, title, and interest" to "All Estate assets" complied with state statute, including the requirement that the disclaimer "describe the interest . . . disclaimed" under Fla. Stat. § 739.104(3) (2014)).

Here, the disclaimer provided the following information about father's interest: "<u>All right, title and interest in the Promissory Note originally payable from SNDB Investments, LLC. to Mabel Makowsky and assigned to [daughter] pursuant to the private agreement among the successors of the Mabel Makowsky Estate.</u>"  When we take the plain meaning of "describe" into account, we conclude that the disclaimer's lack of information about value did not, by itself, preclude the district court from determining that the disclaimer was valid under Minn. Stat. § 524.2-1107(c).  We reach this result because a disclaimer that does not state the value of an interest may still be legally binding if it conveys enough information to impart an idea or impression of the interest's qualities, peculiarities, or distinctive traits.

## DECISION

Because a disclaimer is not automatically defective when it does not state the value of the interest disclaimed, we reverse and remand for proceedings consistent with this opinion.[2]

**Reversed and remanded.**

---

[2] We acknowledge that the parties also argued in district court about whether son fraudulently induced father into signing the disclaimer and whether the disclaimer is unlawful because father was insolvent.  On remand, the district court may exercise its discretion to fully address those arguments.  Whether to reopen the record on remand is at the district court's discretion.